[No. C053987. Third Dist. Jan. 11, 2007.]

NICOLE K., Petitioner, v.
THE SUPERIOR COURT OF SAN JOAQUIN COUNTY, Respondent;
SAN JOAQUIN COUNTY HUMAN SERVICES AGENCY et al., Real
Parties in Interest.

COUNSEL

James L. Larsen, Public Defender, Judith K. Hansen and Nelson C. Lu, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Terrence R. Dermody, County Counsel, and Lisa S. Ribeiro, Deputy County Counsel, for Real Parties in Interest.

OPINION

SCOTLAND, P. J.—In this dependency proceeding, we must decide what the remedy is when, after failing to provide notice to a tribe as required by the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.; ICWA), a juvenile court terminates reunification services and schedules a hearing to select a permanent plan for the child.

*In re Brooke C.* (2005) 127 Cal.App.4th 377 [25 Cal.Rptr.3d 590] (hereafter *Brooke C.*) held that orders *other than the termination of parental rights* may be affirmed despite the lack of ICWA notice, and the matter simply can be remanded to the juvenile court with directions to comply with the notice requirements of ICWA. *Brooke C.* reasoned that ICWA errors are not jurisdictional and that if, upon remand, the child is determined to be an Indian child, the parent can petition the juvenile court to invalidate the orders it issued in violation of ICWA. (127 Cal.App.4th at pp. 384–386.)

We disagree with *Brooke C.* As we will explain, when there has been a lack of ICWA notice, the juvenile court's orders must be vacated because they are based on different standards than should have been applied if ICWA notice was provided and showed the child is an Indian child. Accordingly, we shall issue a peremptory writ of mandate directing the juvenile court to (1) vacate its orders terminating reunification services and scheduling a permanency planning hearing, and (2) provide the notice required by ICWA. If, after proper ICWA notice, the juvenile court determines that the child is an Indian child, it must conduct new proceedings in conformity with ICWA's provisions. If, however, the court determines that the child is not an Indian child, it shall reinstate the vacated orders.

## BACKGROUND

Nicole K. (petitioner), the mother of R.G., G.G., and A.G. (the minors), seeks an extraordinary writ of mandate to vacate orders of the juvenile court terminating her reunification services and setting a hearing pursuant to Welfare and Institutions Code section 366.26. (Cal. Rules of Court, rule 8.452.) She contends that ICWA notice of the dependency proceedings was insufficient. (25 U.S.C. § 1901 et seq.)

In June 2005, petitions were filed by the San Joaquin County Human Services Agency (HSA), alleging the minors had suffered or were at substantial risk of suffering serious physical harm or illness and were at risk of being abused or neglected because, among other things, G.G. tested positive for amphetamines when born, and petitioner tested positive for both amphetamines and marijuana. (Welf. & Inst. Code, § 300, subds. (b) & (j); further section references are to this code unless otherwise specified.)

Prior to the jurisdictional hearing, petitioner disclosed that the maternal grandmother and grandfather had Cherokee ancestry. In August 2005, ICWA notice was sent to the Bureau of Indian Affairs and to three Cherokee tribes. However, notice to one of the tribes, the United Keetoowah Band of Cherokee Indians, was sent to a post office box in Park Hill, Oklahoma, rather than to the address in Tahlequah, Oklahoma, listed in the most recent federal register at that time. (70 Fed.Reg. 13518, 13527 (Mar. 21, 2005).)

No response was received from the United Keetoowah Band, although "Joe Proctor" signed a return receipt for the ICWA notice delivered to the Park Hill address. Responses received from the two other Cherokee tribes stated the minors were not registered or eligible to register as members.

Petitioner did not begin to comply with her case plan until April 2006; even then, her compliance was spotty. In July 2006, the social worker reported to the juvenile court that petitioner had not complied sufficiently with her case plan to warrant the continuation of reunification efforts. The report also stated that ICWA did not apply.

At a contested review hearing in October 2006, the juvenile court terminated reunification services and set a hearing pursuant to section 366.26 to select and implement a permanent plan for the minors.

## DISCUSSION

Petitioner contends the ICWA notices were inadequate because notice to the United Keetoowah Band was sent to an incorrect address.[1] We agree.

■ In 1978, Congress passed ICWA, which is designed "to promote the stability and security of Indian tribes and families by establishing minimum standards for removal of Indian children from their families and placement of such children 'in . . . homes which will reflect the unique values of Indian culture . . . .' " (*In re Levi U.* (2000) 78 Cal.App.4th 191, 195 [92 Cal.Rptr.2d 648]; see 25 U.S.C. § 1902; *Mississippi Choctaw Indian Band v. Holyfield* (1989) 490 U.S. 30, 32–36 [104 L.Ed.2d 29, 36–39, 109 S.Ct. 1597].)

Among the procedural safeguards included in ICWA is a provision for notice, which states in part: "In any involuntary proceeding in a State court, where the court knows or has reason to know that an Indian child is involved, the party seeking the foster care placement of, or termination of parental rights to, an Indian child shall notify the parent or Indian custodian and the Indian child's tribe, by registered mail with return receipt requested, of the pending proceedings and of their right of intervention." (25 U.S.C. § 1912(a).) The Indian status of a child need not be certain or conclusive to trigger ICWA's notice requirements. (*In re Desiree F.* (2000) 83 Cal.App.4th 460, 471 [99 Cal.Rptr.2d 688].)

A tribe entitled to notice under ICWA may designate an agent for service of notice other than the tribal chairman, and the current names and addresses of designated agents for service of notice are contained in the Federal Register. (25 C.F.R. § 23.12 (2006); see 71 Fed.Reg. 43788 (Aug. 2, 2006).)

Here, at the time ICWA notice was provided, the federal register listed a post office box in Tahlequah, Oklahoma, as the address for service of ICWA notice on the United Keetoowah Band. (70 Fed.Reg. 13518, 13527 (Mar. 21, 2005).) But ICWA notice was sent to a post office box in Park Hill, Oklahoma, an address apparently obtained from a superseded list of designated tribal agents and addresses. (See 66 Fed.Reg. 65725, 65731 (Dec. 20, 2001).) This was error.

---

[1] Although petitioner raises the adequacy of ICWA notice for the first time in this writ proceeding, the issue is not deemed forfeited because the principal purpose of ICWA is to "protect and preserve Indian tribes." (*In re Marinna J.* (2001) 90 Cal.App.4th 731, 738 [109 Cal.Rptr.2d 267].)

We conclude the error was not harmless. Contrary to HSA's assertion, the record contains no conclusive evidence that the United Keetoowah Band received actual notice of the proceedings. Although the record contains a signed return receipt for the misaddressed ICWA notice, the record is devoid of any evidence that the signature was that of "a representative of the United Keetoowah Band," as claimed by HSA. Consequently, this case is distinguishable from *In re K.W.* (2006) 144 Cal.App.4th 1349, 1360 [51 Cal.Rptr.3d 130], which is cited by HSA, because in that case "the tribes clearly had actual notice" as evidenced by the fact that tribal representatives signed the certified mail receipts.[2]

■ Similarly unavailing is HSA's claim that the error is not prejudicial because petitioner's "lack of compliance with her reunification case plan is the reason for the termination of her services." A tribe's interest in an Indian child is independent of the parent's interest in that child. A parent's compliance with the case plan has no bearing on the tribe's right to notice and to intervene if appropriate. Furthermore, the standard for removal of a child from parental custody and the type of foster placement are affected when an Indian child is the subject of dependency proceedings, as is the standard for termination of parental rights. (See 25 U.S.C. § 1912(d), (e) & (f).)

Accordingly, this matter must be remanded for proper ICWA notice to the United Keetoowah Band.

However, we agree with HSA that the fact it put an erroneous birth year for petitioner in the ICWA notices was harmless error. Although proper ICWA notice must contain the parent's date of birth (25 C.F.R. § 23.11(d)(3) (2006)), errors in ICWA notice are subject to harmless error review. (*In re Alexis H.* (2005) 132 Cal.App.4th 11, 16 [33 Cal.Rptr.3d 242].) Because petitioner did not claim she had a direct connection to any tribe, there is no basis to believe that providing her correct year of birth would have produced different results concerning the minors' Indian heritage.

HSA urges us to follow the holding of *Brooke C., supra,* 127 Cal.App.4th 377, which concluded that ICWA notice error is subject to a limited remand, without reversal of the judgment, when an appeal is from a hearing prior to

---

[2] When this case was heard in the juvenile court, the name of the designated agent for service of ICWA notice for the United Keetoowah Band was "Dallas Proctor, Chief." (70 Fed.Reg. 13518, 13527 (Mar. 21, 2005).) However, a person named "Joe Proctor" signed the return receipt from the notice sent to that tribe. While the identity of the surnames suggests that ICWA notice *may* have been received by an individual affiliated with the tribe, this may have been coincidental. In any event, this is not a sufficient basis for concluding that actual notice was received by the tribe. As of August 2, 2006, the agent designated for service of ICWA notice for the United Keetoowah Band is "George Wickliff, Chief." (71 Fed.Reg. 43788, 43797 (Aug. 2, 2006).)

termination of parental rights. (127 Cal.App.4th at pp. 385–386.) Adopting the reasoning of cases holding that ICWA errors are not jurisdictional, the appellate court concluded, "the only order which would be subject to reversal for failure to give notice would be an order terminating parental rights." (127 Cal.App.4th at p. 385.) Thus, the appellate court affirmed the dispositional order and remanded the matter to the juvenile court with directions to comply with ICWA notice requirements, stating: "After proper notice under the ICWA, if Brooke is determined to be an Indian child and the ICWA applies to these proceedings, [mother] is then entitled to petition the juvenile court to invalidate orders which violated [ICWA provisions]." (127 Cal.App.4th at p. 386.)

We disagree with *Brooke C.* Even assuming ICWA errors are not jurisdictional, we conclude the failure to give ICWA notice means that the orders in this case cannot stand. Petitioner seeks review of a hearing at which her reunification services were terminated and the juvenile court ordered continued out-of-home placement for the minors and set a hearing to consider termination of parental rights. If notice to the United Keetoowah Band revealed that the minors are Indian children, the provisions of ICWA would have applied at the hearing and would have prevented HSA from seeking foster care placement or termination of parental rights unless it established that "active efforts have been made to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family . . . ." (25 U.S.C. § 1912(d).) Because the juvenile court's orders are based on a lesser standard, they must be vacated until ICWA notice is provided and the court determines what standard should have been applied.

## DISPOSITION

Let a peremptory writ of mandate issue, directing respondent juvenile court to (1) vacate its orders terminating petitioner's reunification services and scheduling a section 366.26 hearing, and (2) order HSA to provide ICWA notice to the designated agent for the United Keetoowah Band at the address listed in the most recent federal register. If, following such notice, the United Keetoowah Band determines that the minors are Indian children, or if other information is presented showing the minors are Indian children as defined by ICWA, the juvenile court shall conduct a new review hearing in conformity

with all the provisions of ICWA. If, however, the United Keetoowah Band determines that the minors are not Indian children, or if no response is received indicating the minors are Indian children, the juvenile court shall reinstate the vacated orders.

Davis, J., and Nicholson, J., concurred.