Filed 7/29/13  In re K.H. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re K.H. et al., Persons Coming Under the Juvenile Court Law. | |
| KERN COUNTY DEPARTMENT OF HUMAN SERVICES,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>D.M.,<br><br>        Defendant and Appellant. | F066682<br><br>(Super. Ct. Nos. JD127047 & JD127048)<br><br>**O P I N I O N** |

## THE COURT\*

APPEAL from orders of the Superior Court of Kern County.  Louie L. Vega, Judge.

Lori A. Fields, under appointment by the Court of Appeal, for Defendant and Appellant.

Theresa A. Goldner, County Counsel, Jennifer E. Feige, Deputy County Counsel, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P.J., Gomes, J., and Detjen, J.

D.M., mother, appeals from the juvenile court's orders pursuant to Welfare and Institutions Code section 366.26 terminating her parental rights to K.H. and S.B.[1] Mother argues that the Kern County Department of Human Services (department) failed to make a proper inquiry of her children's Indian ancestry pursuant to the Indian Child Welfare Act (ICWA; 25 U.S.C.S. § 1901 et seq.). The department conceded the error by letter. We find the department's concession to be improvident, reject mother's contention, and affirm the juvenile court's orders.

## FACTUAL AND PROCEDURAL SUMMARY

### Initial Detention and Jurisdiction Hearings

On July 27, 2011, K.H. (age three) and S.B. (age two) were detained on allegations that mother abused alcohol and drugs and was the victim of domestic violence by the children's presumed father, D.B. The parents were not present at the detention hearing.

Mother filed a parental notice of Indian status indicating she had no Indian ancestry as far as she knew. Father filed a parental notification of Indian status indicating he may have Indian ancestry through the Navajo Tribe. Mother executed a waiver of rights, submitting the matter on the basis of the social worker's report. At the combined jurisdictional/dispositional hearing on September 14, 2011, the court found the petition to be true as amended. The court found the ICWA did not apply as to mother. The court ordered the department to give ICWA notice because of father's indication that he may have Navajo ancestry. The dispositional hearing was continued to give ICWA notice to the tribes.

---

[1] All further statutory references are to the Welfare and Institutions Code, unless otherwise indicated.

2

*ICWA Notice*

On September 23, 2011, the department filed a document setting forth the information it had regarding father's Indian heritage. Father listed his biological mother as J.S.B., who was born in Los Angeles, California, in 1932, and who died in Lancaster, California, in 1969. Father's biological father was listed as Francisco B. and his address as unknown. Both of father's biological parents were listed as "[p]ossibly Navajo." Father was born in 1966. No information was provided concerning father's grandparents. On September 23, 2011, the department sent ICWA notices to the Secretary of the Interior, the Bureau of Indian Affairs (BIA), the Navajo Nation, and to the Colorado River Indian Tribes.

On September 30, 2011, the department filed copies of the signed return receipt cards. On October 4, 2011, the department filed a response from the BIA stating it was deferring to the tribes to determine if the ICWA was applicable to the minors' cases. On October 17, 2011, the department filed the return receipt card from the Secretary of the Interior. A response from the Navajo Nation was filed by the department on November 2, 2011, stating the tribe was unable to verify the children's eligibility for enrollment based on the information provided. On November 4, 2011, the department filed a response from the Colorado River Indian Tribes stating that neither the parents nor the children were enrolled members of the tribe or eligible for enrollment.

*Disposition Hearing*

The disposition hearing was conducted on October 18, 2011, before the court and the parties received notice of ICWA eligibility from the tribes. Mother was present at the hearing, but father was not. The department's report for the hearing did not include information on the progress of the ICWA notices. The department's report stated father was Hispanic with no known American Indian heritage. The report also said father's parents were I.B. and Frank B., who resided in southern California. Because responses

3

had not been received from the tribes, the juvenile court stated it was not going to make an ICWA finding at that time. The court declared the children wards of the court, removed the children from their parents' custody, and ordered family reunification services.

**Six-Month Review Hearing**

The juvenile court conducted the six-month review hearing on April 18, 2012. Father appeared at the hearing, but was in custody. The social worker's report noted the juvenile court had found during the jurisdictional/dispositional hearing that ICWA did not apply as to mother and the dispositional hearing was continued regarding the ICWA as to father.

The court found mother had only made minimally acceptable efforts toward alleviating or mitigating the causes for the children being placed outside the home and father had not made acceptable efforts in that regard. The juvenile court continued reunification services for both parents. The parties did not seek a further ruling on ICWA and the court made no reference to the ICWA during the hearing.

**12-Month Review Hearing**

According to the social worker's report, mother completed a parenting course but continued to periodically test positive for amphetamines and methamphetamine. Mother had recently missed or cancelled visits with the children. Father was incarcerated in prison. The report noted the juvenile court had previously found the ICWA did not apply to mother and the dispositional hearing was continued regarding the applicability of the ICWA as to father. The social worker concluded father had made no progress toward reunification and mother had made minimal progress in that regard. Because there was not a substantial probability the children would be returned to the parents within six months, the social worker recommended the juvenile court set the matter for a section 366.26 hearing.

The 12-month review hearing was conducted on September 14, 2012. Father testified at the hearing, reviewing the reunification services he had received while incarcerated. Father's potential American Indian heritage was not raised at the hearing. The juvenile court adopted the department's recommendations and set the matter for a section 366.26 hearing.

The parents were expressly informed by the juvenile court of their right to file a writ petition with this court should they desire to challenge any of the court's rulings and orders. The parents were also served in court with a copy of a notice to file an extraordinary writ and request for the record. Neither parent filed an extraordinary writ from the juvenile court's rulings at the 12-month review hearing.

### Section 388 Petitions and Section 366.26 Hearing

Mother and father filed petitions pursuant to section 388, seeking a modification of the juvenile court's orders so that they could receive additional reunification services. Neither parent raised the ICWA as an issue. The department's report again set forth that the ICWA did not apply to mother and the dispositional hearing had been continued to determine if the ICWA applied to father. The report also noted that the Colorado River Tribal Council and the Navajo Nation had been sent ICWA notices as to father, but erroneously noted that responses had not been received. The department concluded that neither child had American Indian or Eskimo heritage.

On January 11, 2013, after a full hearing on the section 388 petitions, the juvenile court denied the parents' petitions. The juvenile court found the children were adoptable and terminated the parental rights of the parents.

### DISCUSSION

### ICWA Challenge

Mother argues the ICWA notice was insufficient because the department did not perform an adequate inquiry into the father's Indian heritage. Mother challenges the

5

juvenile court's failure to make an express order concerning the ICWA as to father. Mother argues there are references in the record to different mothers for father. Mother acknowledges she failed to appeal from prior orders of the juvenile court's finding that the ICWA was not applicable to the children. Mother argues that her case is distinguishable from our opinion in *In re Pedro N.* (1995) 35 Cal.App.4th 183, 185, 189 (*Pedro N.*), which applies waiver and forfeiture to parents who wait until the termination of parental rights to first make an ICWA challenge. The department improvidently concedes the error. We reject mother's ICWA challenge as forfeited.

In *Pedro N.*, *supra*, 35 Cal.App.4th at pages 185, 189, we held that a parent who fails to timely challenge a juvenile court's action regarding the ICWA is foreclosed from raising ICWA issues, once the juvenile court's ruling is final, in a subsequent appeal from later proceedings. The proper time to raise such issues is after the dispositional hearing. The juvenile court's rulings and findings at the dispositional hearing are appealable upon a timely notice of appeal. We noted in *Pedro N.* that the parent there was represented by counsel and failed to appeal the juvenile court's orders from the dispositional hearing. (*Pedro N.*, *supra*, 35 Cal.App.4th at pp. 189-190.)

Father signed forms earlier in the proceedings indicating he may have Indian heritage. We agree with mother that there was no ICWA order as to father by the juvenile court at the conclusion of the dispositional hearing in 2011. Notices from the two Indian tribes were received a few weeks after the dispositional hearing. We further agree that the juvenile court did not expressly rule on the ICWA in later hearings.

The juvenile court conducted six and 12-month review hearings and neither parent sought clarification on the applicability of the ICWA. At the conclusion of the 12-month review hearing setting the matter for a section 366.26 hearing, both parents were informed of their right to file an extraordinary writ and failed to do so. Despite other opportunities after the dispositional hearing to clarify the ICWA issue, neither parent

6

raised the issue to the juvenile court. Neither parent raised the ICWA issue in the section 388 petitions they filed. Neither parent sought review of the ICWA issue by appeal or extraordinary writ to this court after the six and 12-month review hearings. The parents did nothing and have, therefore, forfeited the right to challenge any procedural deficiencies in the juvenile court proceedings. (*Pedro N.*, supra, 35 Cal.App.4th at pp. 185, 189-191.)

The merits of the ICWA issue appear to be very weak. Neither the Colorado River Tribal Council nor the Navajo Nation found father or the children enrolled or eligible for enrollment based on the information father provided.[2] Both parents had notice prior to the 12-month review hearing that the department did not consider either child to have Indian heritage. Both parents remained silent.

Mother also argues there was confusion over the identity of father's mother because one document lists J.S.B. as father's biological mother, but another document referred to his mother as I.B. We find no conflict in the record. Father listed his biological mother as J.S.B., who died in 1969. A later document referred to I.B., who it appears married Francisco B. at a later time and would be father's stepmother. In any event, these were factual matters to bring before the juvenile court and the parents did nothing to challenge the ICWA.

The juvenile court's findings and orders became final at the conclusion of the six and 12-month review hearings and, on this appeal from the order terminating mother's parental rights, are no longer subject to attack. (*Pedro N.*, *supra*, 35 Cal.App.4th at pp. 185, 189-191.) Our holding in *Pedro N.* is fully applicable here. Mother waited until the

_____

**2**      Although the final report from the department incorrectly noted there had been no response from the tribes, neither parent objected to this point at the joint section 388 and section 366.26 hearing. The record demonstrates, however, that based on the information provided, father was not eligible for tribal enrollment.

7

end of the proceedings to object to the juvenile court's earlier rulings finding the ICWA inapplicable to this case, and by her prior silence, has forfeited her right to complain about any procedural deficiencies in compliance with the ICWA in the instant appeal.[3]

We further note that *Pedro N.* does not foreclose a tribe's rights under the ICWA due to a parent's forfeiture or waiver of the issue for failing to file a timely appeal when procedurally entitled to do so at the conclusion of an earlier proceeding. (*Pedro N.*, *supra*, 35 Cal.App.4th at pp. 185, 189-190; see *In re Desiree F.* (2000) 83 Cal.App.4th 460, 477-478 [wherein we reversed the juvenile court's denial of a tribe's motion to intervene after a final order terminating parental rights and invalidated actions dating back to outset of dependency that were taken in violation of ICWA].) In *Pedro N.*, we held we were addressing only the rights of the parent to a heightened evidentiary standard for removal and termination, not those of the tribe (*Pedro N.*, *supra*, 35 Cal.App.4th at p. 191), or, for that matter, the rights of the child. As a result, we conclude mother has forfeited her personal right to complain of any alleged defect in compliance with the ICWA.

## DISPOSITION

The orders and findings of the juvenile court are affirmed.

---

**3** To the extent mother relies on cases such as *In re Marinna J.* (2001) 90 Cal.App.4th 731, 737-739; *Dwayne P. v. Superior Court* (2002) 103 Cal.App.4th 247; and *In re B.R.* (2009) 176 Cal.App.4th 773, 779, cases that disagreed with *Pedro N.* on the theory that *Pedro N.* is inconsistent with the protections and procedures afforded by the ICWA to the interests of Indian tribes, we are not persuaded (see also *Nicole K. v. Superior Court* (2007) 146 Cal.App.4th 779, 783-785; *In re Antoinette S.* (2002) 104 Cal.App.4th 1401, 1413-1414).

8