Filed 7/10/14  In re K.A. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re K.A., et al., Persons Coming Under the Juvenile Court Law. | |
| MADERA COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>STEVE A.,<br><br>Defendant and Appellant. | F068721<br><br>(Super. Ct. Nos. MJP016811 & MJP016812)<br><br>**O P I N I O N** |

### THE COURT*

APPEAL from orders of the Superior Court of Madera County.  Thomas L. Bender, Judge.

Kimball J.P. Sargeant, under appointment by the Court of Appeal, for Defendant and Appellant.

Douglas W. Nelson, County Counsel, and Miranda P. Neal, Deputy County Counsel, for Plaintiff and Respondent.

-ooOoo-

---

*      Before Levy, Acting P.J., Poochigian, J., and Detjen, J.

## INTRODUCTION

Steve A., father, appeals from the juvenile court's orders pursuant to Welfare and Institutions Code section 366.26[1] terminating his parental rights to K.A. and E.A.[2] Father argues that the Madera County Department of Social Services (department) failed to make a proper inquiry of his children's Indian ancestry pursuant to the Indian Child Welfare Act (ICWA; 25 U.S.C. § 1901 et seq.).

Father does not challenge the adequacy of ICWA notices sent based on his own assertion of Indian heritage, but contends notices sent out based on mother's assertion of Indian heritage were inadequate. The alleged inadequacies of ICWA notice concerning mother occurred prior to the juvenile court's dispositional orders on May 10, 2012, and neither parent appealed the juvenile court's finding that the ICWA did not apply to the children. We therefore find our opinion in *In re Pedro N.* (1995) 35 Cal.App.4th 183, 185, 189 (*Pedro N.*) dispositive, reject father's contentions, and affirm the juvenile court's orders.

## FACTS AND PROCEEDINGS

On January 25, 2012, a petition was filed pursuant to section 300 on behalf of K.A, born in April 2006, and E.A., born in June 2011, alleging that mother and father placed the children at substantial risk of suffering serious physical harm or illness because they left the children alone in a remote location in Madera County, the residence had a leaking roof directly over where the children slept, rodent feces was on the floor of the kitchen and living room, the residence had no heat, there was inadequate food, and

---

[1]     All further statutory references are to the Welfare and Institutions Code, unless otherwise indicated.

[2]     Mother has two older children who were almost adults when the instant proceedings were initiated. Mother and the older children are not parties to this appeal.

2

the parents failed to obtain medical care for the children even though they were ill and became progressively worse.

The detention report stated that mother may have Indian heritage from the Mono and Blackfoot tribes. In January 2012, mother filed a Parental Notification of Indian Status form (ICWA-020), indicating that E.A. may have "Mono Blackfeet" heritage, and another ICWA-020 for K.A. indicating he may have Chukchansi heritage. Father filed an ICWA-020 at the same time as to K.A. indicating that father may have Chukchansi heritage and another form for E.A. that father had Chukchansi heritage with the Picayune Band.

On January 26, 2012, the juvenile court ordered the children's detention and found that the ICWA may apply. At the hearing, mother stated her uncle had Indian heritage and is a member of the Mono North Fork Rancheria Tribe. Mother did not assert that she herself had Indian heritage and was not certain whether she was eligible for membership with any tribe.

Father could not tell the court any details about his Indian heritage. The court stated that the ICWA may apply, notice should be given to the North Fork Rancheria, and counsel should discuss the issue of Indian heritage with the parents. The jurisdiction report prepared in February 2012, indicates the parents were scheduled on February 7, 2012, for an interview with the department for the purpose of completing notices of the child custody proceedings to the tribes (ICWA-030).

The parents failed to attend the jurisdiction hearing on March 8, 2012. The allegations of the petition as set forth above were found to be true. The disposition report indicated that a social worker attempted to complete the ICWA-030 form with father on February 7, 2012, and on March 1, 2012, but father was unable to provide the necessary information. Father told the social worker that he was enrolled with the Picayune

Racheria of the Chukchansi Indians many years ago but has since been disenrolled from the tribe.

The social worker's disposition report noted that both parents signed ICWA-020 forms and noted that the ICWA did or may apply. Social Worker Lynn Hunt attempted to complete the ICWA-030 form with father, but father was unable to understand or provide the necessary information to complete the form. Mother was not interviewed by the department concerning the applicability of the ICWA and subsequently refused to be transported to the department's office to complete a social study. Mother did not participate in any services and had a history of failing to meet the children's needs.

The department prepared a set of recommended findings for the disposition hearing. Among those findings was that the ICWA did not apply. One of the findings was that mother had appeared in the case, the social worker had made a reasonable inquiry as to the mother's ethnic heritage, and no one had suggested the mother had any Indian heritage. The same finding was set forth for father.

The department said it gave notice to the Bureau of Indian Affairs (BIA), and the BIA did not reply with indication that the children were a member of any identified tribe.[3] Another finding states that the ICWA does not apply. Pursuant to California Rules of Court, rules 5.585 and 8.400, the parents were informed in the court's written findings and orders of their right to appeal from the disposition hearing.

Both parents were present and represented by counsel at the disposition hearing on May 10, 2012. The issue of the applicability of the ICWA was not raised during the

---

**3** There were no notices sent to any tribe for either parent up to and including the disposition hearing. The findings stated that neither parent filed an ICWA-020 form. In fact, such forms were filed at the time of the detention hearing. The mother failed to meet with social workers to prepare ICWA-030 forms.

hearing. The court ordered reunification services for the parents. The court adopted the recommended findings of the department and signed the proposed orders.

The status review report, prepared in November 2012, stated that both parents signed ICWA-020 forms indicating Indian heritage, the Chukchansi tribe for father and the Mono and Blackfoot tribes for mother. When the social worker attempted to complete ICWA-030 forms for both parents, mother was unavailable and father was not able to understand the information being requested. Father said he had been enrolled with the Picayune Rancheria of the Chukchansi Indians at one time but had been disenrolled from the tribe many years ago. The report indicated the ICWA did not apply.

The status review report further indicated that mother had not initiated contact with the department since April 2012. Mother was arrested in August 2012 for animal cruelty. A social worker contacted mother in August 2012. Mother indicated she did not want to make contact with her younger sons because it was too hurtful for her. Further attempts to contact and call mother were unsuccessful. Mother had not made herself available for visitation with the younger children throughout the review period.

Father was struggling to attend his services and with weekly visitation with K.A. and E.A. Father also did not have stable housing. The department recommended termination of reunification services for mother and continued services for father.

On December 5, 2012, the department sent ICWA-030 notices to the Secretary of the Interior, the BIA, and three Yokut Tribes: the Santa Rosa Rancheria, the Table Mountain Rancheria, and the Tule River Reservation. The notices listed K.A. and E.A. as children, the names of both parents, and some of father's ancestry. Mother's ancestry was not provided.

The department lost contact with mother by January 2013. The department filed a declaration of due diligence with the court on January 18, 2013. On March 11, 2013, the department filed an ex parte application seeking an order from the juvenile court finding

that the ICWA did not apply to father. The ICWA notice to the Tule River Reservation was returned indicating father and the children were not members of or eligible for tribal membership. No responses were returned from the Santa Rosa Rancheria and the Table Mountain Rancheria. The trial court executed the order finding the ICWA was not applicable to this case.

A psychological evaluation and report was submitted for the father indicating that because of cognitive deficits he was not able to care for the children and he could not meaningfully participate in reunification services. Mother had continued to fail to make contact with the department and had failed to visit the children for one year. The department recommended termination of reunification services for both parents.

After several continuances, the six-month review hearing was conducted on May 9, 2013, and on May 14, 2013. Both parents failed to appear. Reunification services were terminated for both parents and the matter was set for a section 366.26 hearing to terminate parental rights.

On August 15, 2013, there was a hearing concerning information father's counsel had obtained regarding father's Indian ancestry with the Cassons, Chukchansi and Chioninni Tribes. The court found the ICWA may apply and ordered the department to notify the identified tribes.

The department sent an ICWA-030 notice to the Picayune Band of the Chukchansi Tribe on behalf of the children with information concerning father's ancestry. Mother's name was set forth in the notice, though no specific ancestry was listed for her. On September 30, 2013, the department received a letter from the Picayune Rancheria of the Chukchansi Indians stating that it could not find any Chukchansi ancestry for the children and they were not eligible for enrollment into the tribe.

The section 366.26 hearing was conducted on December 12, 2013. Father appeared, mother failed to do so. The court terminated the parental rights of both parents

6

and found clear and convincing evidence that the children would be adopted. Although the court did not expressly find that the ICWA was inapplicable to the case, the court ruled that all prior orders not in conflict with the court's current orders were to remain in full force and effect.

## ICWA CHALLENGE

Father contends the ICWA notice was insufficient because the department did not perform an adequate inquiry into his and mother's Indian heritage. Father argues that because he continued to raise ICWA notice issues concerning his own Indian heritage, that he may continue, even at this late stage of the proceedings, to raise formerly litigated issues concerning ICWA with regard to mother. We reject this argument. Father also requests that we revisit and overrule our opinion in *Pedro N.*, *supra*, 35 Cal.App.4th at pp. 185, 189, which applies waiver and forfeiture to parents who wait until the termination of parental rights to first make an ICWA challenge.[4] We decline father's invitation to revisit our holding in *Pedro N.*

In *Pedro N.*, *supra*, 35 Cal.App.4th at pages 185, 189, we held that a parent who fails to timely challenge a juvenile court's action regarding the ICWA is foreclosed from raising ICWA issues, once the juvenile court's ruling is final, in a subsequent appeal from later proceedings. The proper time to raise such issues is after the disposition hearing. The juvenile court's rulings and findings at the disposition hearing are appealable upon a timely notice of appeal. We noted in *Pedro N.* that the parent in that case was represented by counsel and failed to appeal the juvenile court's orders from the disposition hearing. (*Pedro N.*, *supra*, 35 Cal.App.4th at pp. 189-190.)

---

**4** The department argues that father does not have standing to challenge alleged inadequate ICWA notices concerning mother. Because we find *Pedro N.* dispositive, we do not reach the department's standing contention.

7

Although mother signed ICWA-020 forms at the time of the detention hearing that she may have Indian heritage, she never stated that she herself had Indian heritage. This was true as well at the detention hearing. Mother only stated that an uncle had Indian heritage. Mother failed to attend meetings that were scheduled in February and March 2012 to file out ICWA-030 forms with the social worker. Mother was completely uncooperative with the department and failed to provide social workers with information relevant to the ICWA.

Mother was present during the disposition hearing and represented by counsel. The proposed order submitted by the department that the ICWA did not apply to this case was adopted by the juvenile court without objection by either parent. The juvenile court's order further informed the parents of their right to appeal from the orders of the court and neither parent did so.

The juvenile court's dispositional findings and orders became final and, on this appeal from the order terminating mother's parental rights, are no longer subject to attack. (*Pedro N.*, *supra*, 35 Cal.App.4th at pp. 185, 189-191.) Our holding in *Pedro N.* is fully applicable here. Father waited until the end of the proceedings to object to the juvenile court's earlier rulings finding the ICWA inapplicable to this case as to the mother, and by his silence until now, has forfeited his right to complain about any procedural deficiencies in compliance with the ICWA in the instant appeal with regard to mother.[5]

---

[5] Father continued to challenge the ICWA finding with regard to his own heritage. Two more ICWA notices were sent to different tribes after the disposition hearing on behalf of father. Under the procedural setting in this case, father would not be barred by *Pedro N.* from raising ICWA challenges on his own behalf. Father, however, has not made ICWA challenges based on his claims of Indian heritage but has limited such claims to the lack of notice regarding mother's Indian heritage.

We are aware that other appellate decisions have criticized *Pedro N.* or have not followed its holding. (See *In re B.R.* (2009) 176 Cal.App.4th 773, 779; *In re Marinna J.* (2001) 90 Cal.App.4th 731, 737-739; *Nicole K. v. Superior Court* (2007) 146 Cal.App.4th 779, 783-785; *In re Antoinette S.* (2002) 104 Cal.App.4th 1401, 1413-1414; *Dwayne P. v. Superior Court* (2002) 103 Cal.App.4th 247.) We are not persuaded by these authorities and decline father's invitation to revisit our holding in *Pedro N.*[6]

We further note that *Pedro N.* does not foreclose a tribe's rights under the ICWA due to a parent's forfeiture or waiver of the issue for failing to file a timely appeal when procedurally entitled to do so at the conclusion of an earlier proceeding. (*Pedro N.*, *supra*, 35 Cal.App.4th at pp. 185, 189-190; see *In re Desiree F.* (2000) 83 Cal.App.4th 460, 477-478 [wherein we reversed the juvenile court's denial of a tribe's motion to intervene after a final order terminating parental rights, and invalidated actions dating back to outset of dependency that were taken in violation of ICWA].)

In *Pedro N.*, we held we were addressing only the rights of the parent to a heightened evidentiary standard for removal and termination, not those of the tribe (*Pedro N.*, *supra*, 35 Cal.App.4th at p. 191), or, for that matter, the rights of the child. As a result, we conclude father has forfeited his personal right to complain of any alleged defect in compliance with the ICWA with regard to mother.

## DISPOSITION

The orders and findings of the juvenile court are affirmed.

---

[6]    Father also relies on this court's decision in *In re H.A.* (2002) 103 Cal.App.4th 1206, 1209-1215 (*H.A.*).) There, unlike the case at bar, the claim of native ancestry came directly from a grandparent. It was not speculative. The department in *H.A.* failed to follow the proper ICWA notice procedures. Here, the claim by mother of Indian ancestry was less clear than it was in *H.A.* The family in *H.A.*, unlike the mother here, cooperated with the department and provided information concerning Indian ancestry. Given both parents' failure to pursue any ICWA claim on behalf of mother's ancestry by appeal after the disposition hearing, we find our holding in *Pedro N.* is dispositive.

9