Filed 10/9/20  In re H.M. CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re H.M. et. al., Persons Coming Under the Juvenile Court Law. | B300506 (Los Angeles County Super. Ct. No. 19CCJP02080) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. LISA F., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Kristen Byrdsong, Commissioner; and Robin R. Kesler, Juvenile Court Referee. Conditionally affirmed and remanded with directions.

Christopher R. Booth, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, County Counsel, Kristine P. Miles, Assistant County Counsel, Jacklyn K. Louie, Principal Deputy County Counsel for Plaintiff and Respondent.

Lisa F. (mother) appeals from the juvenile court's dispositional order under Welfare and Institutions Code sections 300 and 361[1] relating to two of her four children, contending the Los Angeles County Department of Children and Family Services (the Department) failed to comply with the notice provisions mandated by the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.). Specifically, mother argues the court erred when it found ICWA inapplicable, although the notices of the children's possible Indian heritage mailed to the Apache tribes were addressed incorrectly. The Department concedes the error. We accept the concession, affirm the dispositional order, but remand for compliance with ICWA's notice provisions.

## PROCEDURAL BACKGROUND

Because the appeal raises solely the issue of noncompliance with the notice provisions of ICWA, the underlying facts of the dependency action are not at issue, and we do not recite them.

The Department filed a section 300 petition on behalf of mother's four children on April 2, 2019. In a February 22, 2019 interview with the Department, mother denied her children had Indian ancestry. However, on April 3, 2019, she submitted a Parental Notification of Indian Status form (ICWA-020) indicating there was possible Native American heritage in the Apache Indian tribe through her grandparents.[2]

---

[1]    All further statutory references are to the Welfare and Institutions Code.

[2]    Mother's two older children, H.M. and C.M., and her two younger children, A.T. and B.T., had different fathers, neither of whom claimed Indian heritage.

2

At the April 3, 2019 detention hearing, the juvenile court stated it had received mother's completed Parental Notification of Indian Status form and ordered the Department "to make appropriate inquiries to determine whether ICWA applies [to the four children] via mother's [possible Apache Indian] lineage."[3]

In the May 15, 2019 jurisdiction/disposition report, the Department stated mother said there "might be some Native American ancestry through her father's side, however, she did not know what tribe it was. [Mother] stated she asked her father about it, but he was not sure either but [she] will ask him again and provide that information to [the Department social worker]." The Department reported it would "submit ICWA notices and receipts in [an] Addendum Report upon meeting with [the children's] maternal grandfather[.]"

According to the May 24, 2019 addendum report, mother's father said his grandfather was reportedly Apache and born in California, but he could not provide any other identifying information, and believed his grandfather was not registered with the Apache tribe.

On May 20, 2019, the Department mailed "ICWA notices" on behalf of the four children to the Bureau of Indian Affairs, the Secretary of the Interior, Apache Tribe of Oklahoma, Fort Sill Apache Tribe of Oklahoma, Jicarillo Apache Nation, Mescalero Apache Tribe, San Carlos Apache Tribe, Tonto Apache Tribe,

---

[3]     The minute order of the detention hearing states: "Parents are to keep the Department, their Attorney and the Court aware of any new information relating to possible ICWA status. ICWA-020, the Parental Notification of Indian Status is signed and filed. The Court is informed that there may be some Apache Native American/Indian heritage in the mother's background. The [Department] is ordered to investigate said claim."

White Mountain Apache Tribe, and Yavapai-Apache Nation. The Department attached copies of the ICWA notices and certified mail receipts to an addendum report.

At the June 3, 2019 jurisdictional hearing, the Department advised the juvenile court the ICWA notices to the pertinent agencies and tribes had been sent, but "the Department has not received responses." The Department requested the jurisdictional hearing be continued "so that there would be enough time to either receive responses, or 60 days would expire since service of the notice." The court continued the hearing.

On June 3, 2019, the Bureau of Indian Affairs responded to the notices, writing, "[i]n checking the enrollment records for the Apache Tribe of Oklahoma" the children were not "listed as members of the tribe[,] nor are they eligible for enrollment." On June 4, 2019, the Jicarilla Apache Nation signed a return receipt, with the incorrect address and name of the ICWA agent crossed out and the proper address and agent's name added.

On June 17, 2019, a first amended section 300 petition was filed on behalf of the four children. On June 18, 2019, the children were ordered detained from mother.

In a supplemental report, the Department stated it had emailed the tribes "in order to determine the ICWA status of the children." Attached were copies of emails of "follow-up notices" to the Mescalero Apache Tribe, the Fort Sill Apache Tribe, the Jicarilla Apache Nation, the Yavapai-Apache Nation, the White Mountain Apache Tribe, the San Carlos Apache Tribe, the Mescalero Apache Tribe, and the Apache Tribe of Oklahoma. On July 12, 2019, the Department emailed the Tonto Apache Tribe. In response, the tribe wrote that, based on the information provided, the children were "not eligible for enrollment in the

Tonto Apache tribe;" there was "no indication of ancestral history" with the tribe. Therefore, the Tonto Apache Tribe "did not intend" to intervene in the dependency proceedings.

At the continued jurisdictional hearing on July 25, 2019, the juvenile court sustained the first amended petition in part against mother on behalf of the four children. In response to the Department's request, the court found "there's no reason to believe that ICWA applied in this case."

A dispositional hearing was held on August 7, 2019. The juvenile court ordered the two older children placed with their nonoffending father and the two younger children removed from their parents and suitably placed. There was no further mention of ICWA or the children's possible Indian heritage.

Mother filed an application for rehearing and order, which was denied on August 27, 2019. She then filed a timely appeal.

In November 2019, the juvenile court granted the two older children's father sole physical custody and their parents joint legal custody and terminated jurisdiction. Accordingly, this appeal concerns only mother's two younger children, A.T. and B.T.

## DISCUSSION

Mother argues the dispositional order concerning the younger children must be reversed and the cause remanded for the Department to comply with ICWA notice requirements and the juvenile court to affirmatively ascertain whether A.T. and B.T. are Indian children. Because the material facts underlying mother's claim are undisputed, "we review independently whether ICWA requirements have been satisfied." (*In re Michael*

5

*V.* (2016) 3 Cal.App.5th 225, 234-235, fn. 5; accord *In re J.L.* (2017) 10 Cal.App.5th 913, 917-918.)

### A.    ICWA Notice Requirements

ICWA was enacted to curtail "the separation of large numbers of Indian children from their families and tribes through adoption or foster care placement[.]" (*Miss. Band of Choctaw Indians v. Holyfield* (1989) 490 U.S. 30, 32 [109 S.Ct. 1597, 104 L.Ed.2d 29].) Under ICWA and the California statutes our Legislature enacted to implement it (§§ 224-224.6), a juvenile court and, as its delegate, the Department, have (1) a duty to investigate whether a child is an "Indian child" and, if the court "knows or has reason to know" that the child is, (2) a duty to notify the child's parent and either the Indian child's tribe or, if the tribe is unknown, the Secretary of the Interior and the Bureau of Indian Affairs. (25 U.S.C. § 1912, subd. (a); see also 25 U.S.C. § 1903(11); §§ 224.2, subd. (d)(4) & 224.3, subds. (a), (c), & (d); Cal. Rules of Court, rule 5.481(a).) Once notified, the tribe then decides whether the child is, in fact, an "Indian child"—that is, a child who (1) is "a member of an Indian tribe," or (2) "is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe[.]" (25 U.S.C. § 1903(4); §§ 224.1, subd. (a) & 224.3, subd. (a)(3)(A)(i); *In re Gabriel G.* (2012) 206 Cal.App.4th 1160, 1166.)

In state court proceedings involving "the foster care placement of, or termination of parental rights" concerning, "an Indian child, the Indian custodian of the child and the Indian child's tribe have the right to intervene at any point in the proceeding." (25 U.S.C. § 1911, subd. (c).) This right is meaningless, however, unless the tribe is notified of the

6

proceedings. (*In re Hunter W.* (2011) 200 Cal.App.4th 1454, 1466.) Notice serves the dual purpose of (1) enabling "the tribe to investigate and determine whether a child is an Indian child; and" (2) advising "the tribe of the pending proceeding[] and its right to intervene[.]" (*In re Desiree F.* (2000) 83 Cal.App.4th 460, 470.)

Section 224.3, subdivision (a)(3) requires notice to be sent to all tribes of which the child may be a member or eligible for membership, until the juvenile court determines which, if any, is the child's tribe. Courts have interpreted this language to mandate "notice to *all* federally recognized tribes within the general umbrella identified by the child's parents or relatives." (*In re O.C.* (2016) 5 Cal.App.5th 1173, 1183; *In re Alice M.* (2008) 161 Cal.App.4th 1189, 1202.) "'[N]otice on a prescribed form must be given to the proper tribe or to the Bureau of Indian Affairs, and the notice must be sent by registered mail, return receipt requested.'" (*In re Z.N.* (2009) 181 Cal.App.4th 282, 297; 25 U.S.C. § 1912, subd. (a); § 224.2.) Failure to comply with the notice provisions and determine whether ICWA applies is prejudicial error. (*In re Desiree F., supra,* 83 Cal.App.4th at p. 472.)

**B. The Court and the Department Failed To Comply With ICWA's Notice Requirements**

Early in these proceedings, mother stated she had possible Apache Indian ancestry. The parties agree the ICWA notices mailed by the Department unfortunately used incorrect addresses and/or incorrect ICWA agent names for six of the eight Apache tribes identified. Furthermore, the dependency petition was not included with the notices. (§ 224.3, subd. (a)(5)(D).)

Later, the Department sent follow-up emails which used incorrect email addresses for four of the tribes.

The only definitive responses the Department received were from the Bureau of Indian Affairs in Oklahoma, which stated the children were not enrolled or eligible to be enrolled in the Apache Tribe of Oklahoma and the Tonto Apache Tribe. Because the children did not appear to have tribal ancestry, the Bureau did not plan to intervene in the proceedings.

"Sending an ICWA notice to the wrong address is error, and the error is prejudicial when . . . the record lacks conclusive evidence the tribe received actual notice." (*In re Mary G.* (2007) 151 Cal.App.4th 184, 211, citations omitted.) Here, in light of the Department's errors, there is no conclusive evidence the Apache Tribe of Oklahoma, Fort Sill Apache Tribe of Oklahoma, Jicarillo Apache Nation, Mescalero Apache Tribe, San Carlos Apache Tribe, White Mountain Apache Tribe, and Yavapai-Apache Nation received ICWA notices.[4] Thus, new notices must be sent to these tribes, at the correct addresses and to the proper agent, along with a copy of the first amended dependency petition.

## C.    Limited Remand Is Appropriate

The only remaining issue is the remedy. "'[A] notice violation under ICWA is not jurisdictional in the fundamental

---

[4]    Although the Bureau of Indian Affairs in Oklahoma responded on behalf of the Apache Tribe of Oklahoma, the Department did not receive a response from the tribe itself. Similarly, while the wrong address and agent's name on the Jicarilla Apache Nation's return receipt were both crossed out and corrected, it is unclear whether the proper agent received the Department's ICWA notice.

sense[.]'" (*In re Christian P.* (2012) 208 Cal.App.4th 437, 452, citations omitted.) Nonetheless, there is some disagreement among our sister courts concerning whether the appropriate remedy includes reversal or merely a limited remand. Mother urges us to follow those courts concluding it was reversible error for the juvenile court to proceed with the dispositional hearing without first ensuring ICWA compliance. (See *Nicole K. v. Superior Court* (2007) 146 Cal.App.4th 779, 785 ["[e]ven assuming ICWA errors are not jurisdictional, we conclude the failure to give ICWA notice means that the orders in this case cannot stand"]; *In re S.E.* (2013) 217 Cal.App.4th 610, 615-617 [reversal and remand].) This court generally follows the rule that where, as here, there is a failure to comply with ICWA procedures before disposition, all jurisdictional and dispositional orders remain in effect while there is a limited remand to the juvenile court for the Department to give ICWA notice. (See *In re Damian C.* (2009) 178 Cal.App.4th 192, 199-200*; In re Veronica G.* (2007) 157 Cal.App.4th 179, 187-188.) Accordingly, we remand for compliance with ICWA's notice requirements.

Upon remand, the juvenile court shall vacate its finding that ICWA does not apply and order the Department to send new ICWA notices, using the correct address and properly designated ICWA agent, to the Apache Tribe of Oklahoma, Fort Sill Apache Tribe of Oklahoma, Jicarillo Apache Nation, Mescalero Apache Tribe, San Carlos Apache Tribe, White Mountain Apache Tribe, and Yavapai-Apache Nation and to file all return receipts and responses with the juvenile court. If, after proper notice, a tribe claims A.T. and B.T. are Indian children and seeks to intervene, the court shall vacate its prior dispositional order and proceed in compliance with ICWA and related California law. (*In re Kadence*

*P.* (2015) 241 Cal.App.4th 1376, 1388-1389.) Otherwise the court's orders shall stand.

## DISPOSITION

The matter is remanded to the juvenile court with directions to comply with the notice provisions of ICWA as stated in this opinion. In all other respects, the court's orders are affirmed.

CURREY, J.

We concur:

WILLHITE, Acting P.J.

COLLINS, J.