Filed 3/21/23  In re Daniel T. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| In re DANIEL T. II et al., Persons Coming Under the Juvenile Court Law. | B318532 <br><br> (Los Angeles County Super. Ct. No. 20CCJP02124) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> DANIEL T., <br><br> Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Hernan D. Vera, Judge.  Appeal dismissed.

Linda J. Vogel, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Acting County Counsel, Kim Nemoy, Assistant County Counsel, Navid Nakhjavani, Deputy County Counsel, for Plaintiff and Respondent.

_____

In these dependency proceedings Daniel T. (father) appeals from juvenile court dispositional orders that removed his children, Daniel T. II and I.T., from his care and denied him reunification services and visitation. His sole contention is that the juvenile court lacked the power to make these orders because no evidence in the record indicates the Los Angeles County Department of Children and Family Services (DCFS or the department) made sufficient inquiry about the children's possible Indian child status under the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.).

Respondent concedes that an insufficient ICWA inquiry was made but contends we can grant no effective relief at this stage because DCFS and the juvenile court have ongoing obligations under ICWA, and post-appeal court orders, of which we have taken judicial notice, indicate the juvenile court has now ordered DCFS to conduct further inquiries.

We agree, and therefore dismiss the appeal as moot.

## BACKGROUND

We will limit the presentation of facts to those pertinent to the juvenile court's ICWA finding, the sole disputed topic on appeal.

On April 14, 2020, DCFS filed a Welfare and Institutions Code[1] section 300 petition on behalf of Daniel T. II and I.T. based

_____

[1] Undesignated statutory references will be to the Welfare and Institutions Code.

on allegations of domestic violence between their mother and her boyfriend. (The petition also concerned R.T., a half brother, who is not a subject of this appeal.) DCFS later amended the petition to include an allegation against father, who was incarcerated. The juvenile court ultimately sustained the amended petition only as to one count against mother.

DCFS's detention report noted that the juvenile court had found ICWA not to apply to these children in three prior dependency cases. And on April 12, 2020, the mother denied Indian ancestry in this case. (The mother is not party to this appeal.)

At the April 17, 2020, detention hearing, the juvenile court found a prima facie case that the children were described by section 300 and detained them from father and the mother.

The court entered jurisdiction and disposition orders pertaining to mother and R.T. (the half sibling) but continued the matter several times over the course of 16 months, from October 2020 to January 2022, because father was unable to attend hearings due to his incarceration and conflicting court appearances.

Father appeared telephonically for the January 24, 2022, dispositional hearing, in which the court declared Daniel T. II and I.T. to be dependents of the court, removed them from father's custody, and denied him reunification services or visitation.

The record contains no information about any ICWA inquiry concerning father.

Father appeals.

On December 19, 2022, after father filed his notice of appeal, the juvenile court ordered DCFS "to interview parents

3

and all appropriate relatives regarding ICWA and provide a report." The court set the matter for a progress hearing to occur on February 6, 2023.

## DISCUSSION

Father contends no evidence in the record indicates DCFS made sufficient inquiry about the children's possible Indian child status, in derogation of state law (§ 224.2) implementing ICWA and contrary to the requirement that the department make and document such inquiries and any responses. (See Cal. Rules of Court, rule 5.481(a)(5) [burden on child welfare agency to provide detailed requirements of the ICWA have been satisfied is appropriate]; *In re A.M.* (2020) 47 Cal.App.5th 303, 314.)

Respondent concedes the error but argues reversal is unwarranted because the juvenile court retains jurisdiction over the matter, and DCFS and the court have a continuing duty and opportunity to comply with ICWA. We agree.

An "Indian child" is an unmarried person under 18 years of age who is (1) a member of a federally recognized Indian tribe or (2) is eligible for membership in a federally recognized tribe and is the biological child of a member of a federally recognized tribe. (25 U.S.C. § 1903(4) & (8); see § 224.1, subd. (a) [adopting federal definitions], subd. (b) [expanding the age range stated in the federal definition to include persons over 18, but under 21, years of age].)

The juvenile court and DCFS have an affirmative and continuing duty, beginning at initial contact, to inquire of family members whether a child who is subject to dependency proceedings is or may be an Indian child. (§ 224.2, subd. (a) [setting forth the "affirmative and continuing duty to inquire"]; Cal. Rules of Court, rule 5.481(a) [same].)

4

Our review is unnecessary in an "ICWA appeal at the jurisdiction and disposition stage where there will necessarily be further dependency proceedings in the juvenile court (at which continuing ICWA duties apply) and a basis for later appeal if for some reason the remedial ICWA investigation [DCFS] is now undertaking falls short." (*In re Baby Girl M.* (2022) 83 Cal.App.5th 635, 638.)

"[T]he only order which would be subject to reversal for failure to give notice would be an order terminating parental rights." (*In re Brooke C.* (2005) 127 Cal.App.4th 377, 385; see also *In re D.C.* (2015) 243 Cal.App.4th 41, 65, superseded by statute on other grounds; *In re Damian C.* (2009) 178 Cal.App.4th 192, 199-200; *In re Veronica G.* (2007) 157 Cal.App.4th 179, 187-188; but see *Nicole K. v. Superior Court* (2007) 146 Cal.App.4th 779, 784-785; and *In re S.E.* (2013) 217 Cal.App.4th 610, 616-617.)

"[A]ll we could order in resolving this appeal is that the Department and juvenile court fulfill their inquiry and notice obligations under ICWA and related California law. Because that is what the Department is already doing, and because we are not in a position to micromanage that process in *this* appeal (detailing, for instance, all those who must be interviewed, what they must be asked, and what must be included in any notice to tribes that is required), there is no effective relief we can now provide. The juvenile court must direct that process, at least in the first instance." (*In re Baby Girl M., supra*, 83 Cal.App.5th at pp. 638-639.)

This appeal is moot.

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

BENDIX, J.

6