Filed 2/18/16  In re K.V. CA3

/NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re K.V., a Person Coming Under the Juvenile Court Law. | C079070 |
| SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>J.C.,<br><br>        Defendant and Appellant. | (Super. Ct. No. JD235753) |

J.C., father of the minor, appeals from a judgment of the juvenile court.  (Welf. & Inst. Code, §§ 358, 360, 395 [unless otherwise set forth, statutory references that follow are to the Welfare and Institutions Code].)  Appellant contends the Sacramento County Department of Health and Human Services (the Department) failed to comply with the

1

Indian Child Welfare Act (ICWA) and the trial court erred in finding the ICWA did not apply in this case. Appellant further contends there was insufficient evidence to support the juvenile court's order to bypass his services. We affirm the judgment.

FACTS AND PROCEEDINGS

The minor, K.V., was born in mid February 2015. On February 25, 2015, the minor was removed from his mother's care and put in emergency protective custody. Appellant was incarcerated. Two days later, the Department filed a petition to remove K.V. from parental custody due to mother and appellant's drug abuse and inability to care for the minor due to their drug abuse and appellant's incarceration.

The minor was placed in confidential foster care. Appellant acknowledged the minor was likely his child, denied having issues with drugs and alcohol, and expressed a desire to "establish paternity and be active in the child's life once he is no longer incarcerated." On February 11 and February 27, 2015, respectively, both mother and appellant denied having any Indian heritage.

On March 3, 2015, appellant filed his notice of Indian status, indicating he may have Indian ancestry. That same day, the juvenile court found insufficient evidence to determine whether the minor is an Indian child. The court also ordered appellant to complete and return the "Indian Ancestry Questionnaire" to the Department within two days and ordered the Department to provide notice to any federally recognized tribes. The minor continued in foster care and the court ordered no visitation to take place between appellant and the minor "while [appellant] is incarcerated and until paternity has been established."

On March 27, 2015, appellant executed a voluntary declaration of paternity declaring himself to be the father of the minor. The juvenile court thus determined appellant to be the minor's presumed father.

The combined hearing on jurisdiction and disposition took place on April 10, 2015. Appellant was present and represented by counsel. No witnesses were presented but appellant, through his counsel, denied the allegation that he was addicted to drugs. He did, however, acknowledge it was factually true that he was currently incarcerated. He then submitted the matter on the Department's report. The juvenile court found the minor was not an Indian child and sustained the petition.

Addressing disposition, the Department recommended appellant be bypassed for reunification services under section 361.5, subdivision (e)(1). The Department reported that appellant's sentence for his most recent conviction was 16 months thus well beyond the reunification period for a child under three years old. Additionally, the Department reported, appellant had numerous prior convictions and a history of drug abuse, for which he refused to seek treatment, having failed to complete a Proposition 36 drug treatment program.

Appellant argued that the six-month reunification period was "not a concrete standard if he's participating and making progress." Moreover, he was eligible to serve "half-time" and may get out of jail even sooner. Thus, the length of his incarceration should not be a deterrent to ordering services. He also argued that he in fact wanted to reunify with the minor and should be given an opportunity to do that. Appellant also asked for a DNA test to prove he was the minor's biological father.

The juvenile court agreed with the Department and concluded that providing services to appellant would be detrimental to the minor. In reaching its decision, the court considered the minor's young age (he was two months old), and the fact that the minor had never met appellant so the minor had no relationship with appellant. The court also was "concerned by [appellant's] recent doubt that he is the biological father of the [minor] and his doubt as to how the result of that DNA association would affect his ability to bond with the [minor]."

3

In addition, the court noted the length of appellant's incarceration, which was "certainly close to the period of time within which [he] would have an opportunity to seriously participate in services . . . ." And, the possibility of extending the reunification period to accommodate appellant's period of incarceration would "delay the permanency for the child." Thus, "[t]aking into consideration the whole of the evidence," the juvenile court found by clear and convincing evidence that offering services to appellant would be detrimental to the minor.

DISCUSSION

I

*ICWA*

Appellant contends the juvenile court erred by finding the ICWA inapplicable because the Department failed to comply with the ICWA by not sending ICWA notice and inquiry to the Bureau of Indian Affairs (BIA) after appellant claimed he may have Indian ancestry. We agree but find the Department has cured the error. We also grant the Department's request for judicial notice in its entirety.

When the juvenile court knows or has reason to know that a child involved in a dependency proceeding is an Indian child, the ICWA requires that notice of the proceedings be given to any federally recognized Indian tribe of which the child might be a member or eligible for membership. (25 U.S.C. §§ 1903(8), 1912(a); *In re Robert A.* (2007) 147 Cal.App.4th 982, 989 *(Robert A*.).) A mere suggestion of Indian ancestry is sufficient to trigger the notice requirement. (*Robert A.,* at p. 989.) Notice requirements are construed strictly. (*Ibid*.)

Section 224.3, subdivision (a) imposes "an affirmative and continuing duty to inquire" whether a child is or may be an Indian child. Notice must include all of the following information, if known: the child's name, birthplace, and birth date; the name of the tribe in which the child is enrolled or may be eligible for membership; names and

4

addresses (including former addresses) of the child's parents, grandparents, and great-grandparents, and other identifying information; and a copy of the dependency petition. (25 C.F.R. § 23.11(d)(1)-(4) (2015); § 224.2, subd. (a)(5)(A)-(D); *In re D.W.* (2011) 193 Cal.App.4th 413, 417; *In re Mary G.* (2007) 151 Cal.App.4th 184, 209.)

Because the ICWA's primary purpose is to protect and preserve Indian tribes, a parent does not forfeit a claim of ICWA notice violation by failing to raise it in the juvenile court. (*In re J.T.* (2007) 154 Cal.App.4th 986, 991; *Nicole K. v. Superior Court* (2007) 146 Cal.App.4th 779, 783, fn. 1; *In re Marinna J.* (2001) 90 Cal.App.4th 731, 738-739.)

On March 3, 2015, before the jurisdiction/disposition hearing, appellant gave notice through a Parental Notification of Indian Status (ICWA-020) form that he may have Indian ancestry, though he did not identify any tribal affiliations. That was sufficient to trigger the duty of notice and inquiry under the ICWA. (*Robert A., supra*, 147 Cal.App.4th at p. 989.) The court thus ordered the Department to send notice and inquiry to any federally recognized tribes. The court also ordered appellant to complete an Indian Ancestry Questionnaire. Prior to appellant filing this appeal, neither the Department nor appellant complied with the court's orders.

But on September 3, 2015, the Department mailed an ICWA-030 form with supporting documents to the BIA as well as appellant. The BIA responded saying there was insufficient information to determine tribal affiliation. The Department continued their efforts to obtain additional information from appellant regarding his claim of Indian ancestry, to no avail. The juvenile court subsequently ruled sufficient notice was given and found the ICWA did not apply. We conclude the Department has cured its error without prejudice to appellant and appellant's claim is moot. Moreover, given appellant's failure to cooperate further with the Department during the inquiry into the child's ancestry, appellant's claim is forfeited.

5

II

*Sufficiency of the Evidence to Bypass Services*

Appellant further contends there was insufficient evidence to support bypassing services to him. When the sufficiency of the evidence to support a finding or order is challenged on appeal, even where the standard of proof in the trial court is clear and convincing, the reviewing court must determine if there is any substantial evidence--that is, evidence which is reasonable, credible and of solid value--to support the conclusion of the trier of fact. (*In re Angelia P.* (1981) 28 Cal.3d 908, 924; *In re Jason L.* (1990) 222 Cal.App.3d 1206, 1214.) In making this determination, we recognize that all conflicts are to be resolved in favor of the prevailing party and that issues of fact and credibility are questions for the trier of fact. (*Jason L.*, at p. 1214; *In re Steve W.* (1990) 217 Cal.App.3d 10, 16.) The reviewing court may not reweigh the evidence when assessing the sufficiency of the evidence. (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318-319.)

When a child is removed from parental custody, the juvenile court must order reunification services to assist the parents in reuniting with the child. (§ 361.5, subd. (a).) Where the child is under three years old on the date of removal from the physical custody of his parent, reunification services shall be provided for six months from the date of disposition, but no longer than 12 months from the date the child entered foster care. (§ 361.5, subd. (a)(1)(B).)

Section 361.5, subdivision (e)(1) allows for the provision of services to incarcerated parents, but also includes an exception, consistent with the recognition that in some circumstances the provision of services to an incarcerated parent may not be in the child's best interest and may be an exercise in futility. Thus, "[i]f the parent or guardian is incarcerated, . . . the court shall order reasonable services *unless* the court determines, by clear and convincing evidence, those services would be detrimental to the

6

child. In determining detriment, the court shall consider the age of the child, the degree of parent-child bonding, the length of the sentence, the length and nature of the treatment, the nature of the crime or illness, the degree of detriment to the child if services are not offered and, for children 10 years of age or older, the child's attitude toward the implementation of family reunification services, the likelihood of the parent's discharge from incarceration, institutionalization, or detention within the reunification time limitations described in subdivision (a), and any other appropriate factors." (§ 361.5, subd. (e)(1), italics added.)

Here, the minor was two months old at disposition and appellant was sentenced to a term of 16 months. Thus, he was not scheduled to be released until at or about the date the reunification period would end. (§ 361.5, subd. (a)(1)(B).) Appellant argues, as he did in the juvenile court, that his release date *may* be sooner because he was "eligible to serve half his sentenced time, . . . " and if he was "transferred to a prison facility" his time in custody would be further reduced. But we review the juvenile court's decision based on the facts and record as they stood at the time of the dispositional hearing, and he was sentenced to 16 months. (See *In re Isayah C.* (2004) 118 Cal.App.4th 684, 701.) Appellant's speculation on his release date is not a legal basis for reversing the juvenile court's decision.

Moreover, at the time of the disposition hearing, appellant had no relationship with the minor, having been incarcerated since the minor's birth. And, appellant continued to deny his documented history of substance abuse. Thus, there was no bond between appellant and the minor and appellant had not even begun the time-consuming process of resolving his substance abuse in order to reunify with the minor. In sum, there was substantial evidence supporting the juvenile court's finding that father was incarcerated and providing reunification services would be detrimental to the minor.

DISPOSITION

The judgment is affirmed.


                                                         _____HULL_____, Acting P. J.


We concur:


_____DUARTE_____, J.


_____HOCH_____, J.

8