[No. B206049. Second Dist., Div. Four. May 23, 2008.]

TINA L., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY
SERVICES et al., Real Parties in Interest.

COUNSEL

Los Angeles Dependency Lawyers, Ryan Matienzo; Law Office of Timothy Martella and Eliot Lee Grossman for Petitioner.

No appearance for Respondent.

Raymond G. Fortner, Jr., County Counsel, James M. Owens, Assistant County Counsel, and Judith A. Luby, Principal Deputy County Counsel, for Real Party in Interest Los Angeles County Department of Children and Family Services.

No appearance for Real Parties in Interest Minors.

OPINION

**WILLHITE, J.—**

## INTRODUCTION

Tina L. (Mother) petitions for a writ of mandate to compel the juvenile court to vacate its orders terminating reunification services as to her children Rayna N. and Rudy L., and setting a permanency planning hearing under Welfare and Institutions Code section 366.26.[1] Mother contends that the court failed to comply with the notice requirements of the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.), and of recently enacted California statutes governing custody proceedings involving Indian children (§ 224 et seq.). The Los Angeles County Department of Children and Family Services (DCFS) agrees, and asks that we follow the common practice of a limited reversal and remand to permit compliance. Mother challenges that procedure, contending that section 224.2, subdivision (d), one of the recent California statutes, prohibits it. We hold that when the juvenile court fails to comply with the notice requirements applicable in Indian child custody proceedings, section 224.2, subdivision (d), does not prohibit the established remedy of a limited reversal and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

Rayna (born in Oct. 2004) and Rudy (born in Apr. 2007) are the subjects of a section 300 petition filed in April 2007 by DCFS. The petition alleges that Mother tested positive for methamphetamines at Rudy's birth, that Mother has a three-year history of methamphetamine abuse and is a current abuser,

---

[1] All undesignated section references are to the Welfare and Institutions Code.

that Mother and Michael N. (Father) have a history of domestic violence, and that Father has a history of substance abuse.

Mother was interviewed by the social worker at the hospital and denied any Native American heritage. At the detention hearing, the juvenile court found the ICWA to be inapplicable. The court ordered the children to be detained and placed in foster care. It ordered DCFS to investigate the home of maternal relatives for possible placement of the children.

In July 2007, Mother and Father signed a mediation agreement, agreeing to submit on the section 300 petition, as amended. The court ordered DCFS to provide family reunification services for both parents, and ordered the children placed in the home of a maternal cousin. Thereafter, however, Mother had very limited contact with DCFS and failed to drug test or enroll in parenting and substance abuse rehabilitation as required by the case plan.

In late December 2007, Mother for the first time told DCFS that she had Apache heritage. The social worker interviewed maternal relatives, and completed the required Indian ancestry questionnaires.

The six-month review hearing (§ 366.21, subd. (d)) was held on January 10, 2008. The matter was continued until February 14, 2008, to permit Father, who was incarcerated, to be present.

On January 18, 2008, DCFS sent by certified mail, return receipt requested, notice of the child custody proceedings scheduled for February 14, 2008, to the parents, the Bureau of Indian Affairs, the Secretary of the Interior, and numerous Apache tribes. The record fails to show that any of the addressees verified their receipt of the notice.

Nonetheless, the court proceeded with the review hearing on February 14 and 19, 2008. It terminated reunification services for both parents, and scheduled a section 366.26 hearing for June 17, 2008. Mother petitions for a writ of mandate to set aside these orders. (§ 366.26, subd. (*l*); Cal. Rules of Court, rule 8.452.)

## DISCUSSION

Mother contends, and DCFS concedes, that the juvenile court erred in holding the six-month review hearing without verification that the applicable Indian tribes or the Bureau of Indian Affairs received ICWA notice.

Section 224.2, enacted in 2006 (Stats. 2006, ch. 838, § 31), provides in relevant part: "(a) If the court, a social worker, or probation officer knows or

has reason to know that an Indian child is involved, any notice sent in an Indian child custody proceeding under this code shall . . . comply with all of the following requirements: [¶] (1) Notice shall be sent by registered or certified mail with return receipt requested. Additional notice by first-class mail is recommended, but not required. [¶] (2) Notice to the tribe shall be to the tribal chairperson, unless the tribe has designated another agent for service. [¶] (3) Notice shall be sent to all tribes of which the child may be a member or eligible for membership, until the court makes a determination as to which tribe is the child's tribe in accordance with subdivision (d) of Section 224.1, after which notice need only be sent to the tribe determined to be the Indian child's tribe." (§ 224.2, subd. (a)(1)–(3).)

Of particular note here is subdivision (d) of section 224.2. It states: *"No proceeding shall be held until at least 10 days after receipt of notice* by the parent, Indian custodian, the tribe, or the Bureau of Indian Affairs, except for the detention hearing . . . ." (Italics added.)

Section 224.2 largely tracks the ICWA, which provides in 25 United States Code section 1912(a): "(a) In any involuntary proceeding in a State court, where the court knows or has reason to know that an Indian child is involved, the party seeking the foster care placement of, or termination of parental rights to, an Indian child shall notify the parent or Indian custodian and the Indian child's tribe, by registered mail with return receipt requested, of the pending proceedings and of their right of intervention. If the identity or location of the parent or Indian custodian and the tribe cannot be determined, such notice shall be given to the Secretary in like manner, who shall have fifteen days after receipt to provide the requisite notice to the parent or Indian custodian and the tribe. *No foster care placement or termination of parental rights proceeding shall be held until at least ten days after receipt of notice* by the parent or Indian custodian and the tribe or the Secretary: *Provided,* That the parent or Indian custodian or the tribe shall, upon request, be granted up to twenty additional days to prepare for such proceeding." (First italics added.)

■   Courts interpreting the ICWA have held that " ' "[t]o satisfy the notice provisions of the [ICWA] and to provide a proper record for the juvenile court and appellate courts, [a social service agency] should follow a two-step procedure. First, it should identify any possible tribal affiliations and send proper notice to those entities, return receipt requested. [Citation.] Second, [the agency] should provide to the juvenile court a copy of the notice sent and *the return receipt,* as well as any correspondence received from the Indian entity relevant to the minor's status." ' (*In re Asia L.* (2003) 107 Cal.App.4th 498, 507 [132 Cal.Rptr.2d 733].)" (*In re Mary G.* (2007) 151 Cal.App.4th 184, 209 [59 Cal.Rptr.3d 703], italics added.)

In the instant case, DCFS did not provide to the juvenile court a copy of any return receipts. Thus, pursuant to both federal and California law, the court erred in proceeding with the six-month review hearing absent proof by return receipt that notice was received.

The point of dispute here is whether we must unconditionally reverse the orders made at the six-month review hearing that terminated reunification services and set a section 366.26 hearing, or whether we may enter a limited reversal and direct the juvenile court to reinstate the orders if no Indian tribe chooses to intervene. Such a limited reversal and remand is common practice in cases involving failure to comply with the ICWA notice requirements, and DCFS asks that we follow it here. (See *In re Francisco W.* (2006) 139 Cal.App.4th 695, 705 [43 Cal.Rptr.3d 171], and decisions therein cited.)

Mother acknowledges this widespread practice. She contends, however, that the enactment of section 224.2, subdivision (d), invalidates the limited reversal and remand procedure. According to Mother, "[t]he only reasonable interpretation of [section 224.2, subdivision (d),] . . . is that any orders issued in violation of the prohibition must be void. And, if such orders are void, they must be reversed in their entirety. A 'limited remand' would be inappropriate in such a situation and would be contrary to the legislative mandate."

■ This issue appears to be one of first impression. Although at least one Court of Appeal has issued a limited remand in a published decision involving failure to comply with the notice requirements of section 224.2 (*In re J.T.* (2007) 154 Cal.App.4th 986, 994 [65 Cal.Rptr.3d 320]), that opinion did not squarely address whether the procedure remains appropriate after California enacted its own state laws governing child custody proceedings involving Indian children. We address that issue here, and conclude that section 224.2, subdivision (d), does not affect the appellate remedy of a limited reversal and remand.

■ Nothing in the language of section 224.2, subdivision (d), addresses the appropriate appellate remedy when the juvenile court conducts proceedings involving Indian children without fully complying with the notice requirements. The language of section 224.2, subdivision (d) ("No proceeding shall be held until at least 10 days after receipt of notice"), is essentially identical to that used in the ICWA (25 U.S.C. § 1912(a)) ("No foster care placement or termination of parental rights proceeding shall be held until at least ten days after receipt of notice"). The most reasonable interpretation of the California statute is that the Legislature did not intend to prohibit limited reversals. " ' "[T]he Legislature is deemed to be aware of existing laws and judicial decisions in effect at the time legislation is enacted and to have enacted and amended statutes in the light of such decisions as have a direct

bearing upon them." [Citation.]' (*Barajas v. City of Anaheim* (1993) 15 Cal.App.4th 1808, 1814–1815 [19 Cal.Rptr.2d 764].)" (*Fiscal v. City and County of San Francisco* (2008) 158 Cal.App.4th 895, 908 [70 Cal.Rptr.3d 324].) Thus, we presume that the Legislature was aware of the many appellate decisions granting limited reversals when the ICWA notice provisions were not followed. The Legislature's failure to prohibit this practice when enacting section 224.2, which uses language essentially identical to the ICWA, strongly suggests that the Legislature did not intend to disapprove of the procedure.

■ Mother asserts that orders issued in violation of the 10-day notice rule (§ 224.2, subd. (d)) are "void." To the extent Mother is asserting that such orders are "void" in a jurisdictional sense, or that they are absolutely null, rather than simply "voidable," we disagree. The better reasoned view is that a violation of the 10-day period of notice required by the ICWA is not jurisdictional error. If a state court properly has jurisdiction over the subject matter, the court is not divested of jurisdiction simply because it fails to comply with the ICWA. (See, e.g., *In re Veronica G.* (2007) 157 Cal.App.4th 179, 187 [68 Cal.Rptr.3d 465]; *In re Brooke C.* (2005) 127 Cal.App.4th 377, 384–385 [25 Cal.Rptr.3d 590]; *In re Antoinette S.* (2002) 104 Cal.App.4th 1401, 1410–1411 [129 Cal.Rptr.2d 15]; but see *In re Desiree F.* (2000) 83 Cal.App.4th 460, 474 [99 Cal.Rptr.2d 688]; *In re Jonathan D.* (2001) 92 Cal.App.4th 105, 110 [111 Cal.Rptr.2d 628]; *In re Samuel P.* (2002) 99 Cal.App.4th 1259, 1267 [121 Cal.Rptr.2d 820].)

■ Thus, we hold that when the juvenile court fails to comply with the notice requirements applicable to Indian child custody proceedings, section 224.2, subdivision (d), does not prohibit a limited reversal and remand to permit compliance. Mother raises no substantive objection to the order terminating her reunification services and scheduling a permanency planning hearing. Therefore, we need not discuss the merits of the orders.

## DISPOSITION

Let a peremptory writ of mandate issue directing the juvenile court to (1) vacate its order of February 19, 2008, terminating reunification services and scheduling a permanency planning hearing, and (2) order DCFS to comply with the inquiry and notice provisions of the ICWA, 25 United States Code section 1901 et seq., and applicable state law, Welfare and Institutions Code section 224 et seq. If, after proper inquiry and notice, no response is received from a tribe indicating Rayna and Rudy are Indian children, all previous findings and orders shall be reinstated. If a tribe determines that the minors are Indian children, or if other information is presented to the juvenile court

that suggests the minors are Indian children, the juvenile court is ordered to conduct a new review hearing in conformity with all provisions of the ICWA and California law relating to child custody proceedings involving Indian children. This opinion is final immediately as to this court. (Cal. Rules of Court, rule 8.264(b)(3).)

Epstein, P. J., and Manella, J., concurred.

Petitioner's petition for review by the Supreme Court was denied July 9, 2008, S164032.