Filed 7/15/15  In re I.I. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re I.I., a Person Coming Under the Juvenile Court Law. | B261631 (Los Angeles County Super. Ct. No. CK51363) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. OTIS I., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of the County of Los Angeles, Tony L. Richardson, Judge.  Reversed and remanded.

Ernesto Paz Rey, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary Wickham, Interim County Counsel, Dawyn R. Harrison, Assistant County Counsel, Tracey F. Dodds, Principal Deputy County Counsel, for Plaintiff and Respondent.

Clare Appleby for Minor.

Otis I. (father) appeals from an order terminating parental rights to his daughter, I.I., pursuant to Welfare and Institutions Code section 366.26. His only claim on appeal is that respondent Los Angeles County Department of Children and Family Services (Department) failed to provide the court with evidence of notices complying with the federal Indian Child Welfare Act (ICWA). (25 U.S.C. § 1901 et seq.; *In re Marinna J.* (2001) 90 Cal.App.4th 731, 739, fn. 4.) The record supports father's contention, and counsel for all parties have submitted a joint stipulation for reversal to allow compliance with the ICWA.

Any stipulated reversal must meet the standards imposed by Code of Civil Procedure section 128, subdivision (a)(8).[1] Because the order terminating father's parental rights would be subject to a limited reversal to permit compliance with the ICWA, a stipulated reversal meets the criteria identified in Code of Civil Procedure section 128, subdivision (a)(8), in that the interests of nonparties or the public are not adversely affected, and the reversal will not erode public trust or reduce the incentive for pretrial settlement. (See *In re Rashad H.* (2000) 78 Cal.App.4th 376, 379-382.)

For the reasons stated above, we accept the parties' stipulation. The order terminating parental rights is reversed, and the matter is remanded for the limited purpose of ensuring compliance with the ICWA's notice requirements. If after proper inquiry and notice, no tribe comes forward, the dependency court shall reinstate its order terminating

---

[1] Code of Civil Procedure section 128, subdivision (a)(8) states in pertinent part: "An appellate court shall not reverse or vacate a duly entered judgment upon an agreement or stipulation of the parties unless the court finds both of the following: [¶] (A) There is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal. [¶] (B) The reasons of the parties for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement."

parental rights.  (*Tina L. v. Superior Court* (2008) 163 Cal.App.4th 262, 268.)  Pursuant to the parties' stipulation, the remittitur shall issue forthwith.


KRIEGLER, J.

We concur:


TURNER, P. J.


KIRSCHNER, J. *

---

* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.