Filed 4/19/16  Magdalena S. v. Superior Court CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| MAGDALENA S., | B269220 |
| Petitioner, | (Super. Ct. No. CK62833) |
| v. | |
| THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES, | |
| Respondent. | |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Real Party in Interest. | |

Writ petition to review order setting hearing under Welfare and Institutions Code section 366.26.  Connie Quinones, Judge.  Petition granted in part.

Law Office of Rachel Ewing and Renelde Espinoza for Petitioner.

No appearance for Respondent.

Mary C. Wickham, County Counsel, R. Keith Davis, Acting Assistant County Counsel, William D. Thetford, Principal Deputy County Counsel for Real Party in Interest Los Angeles County Department of Children and Family Services.

_____

Petitioner Magdalena S. seeks extraordinary relief (Welf. & Inst. Code, § 366.26, subd. (*l*);[1] Cal. Rules of Court, rule 8.452) from the juvenile court's order, made at the 18-month review hearing (§ 366.22), setting a hearing pursuant to section 366.26 to consider termination of parental rights and implementation of permanent plans for her four dependent children, nine-year-old Ezekiel S., eight-year-old Jessica C., seven-year-old J.C., and five-year-old Jayleen C. Magdalena contends (1) substantial evidence does not support the juvenile court's finding that return of the children to her care would create a substantial risk of detriment to their well-being, and (2) the juvenile court erred in holding the 18-month review hearing without verification that the Los Angeles County Department of Children and Family Services (Department) complied with the notice requirements of the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.).

### FACTUAL AND PROCEDURAL BACKGROUND

On March 4, 2014 the Department received a referral alleging Magdalena was using methamphetamine and neglecting the children. The referral also stated Magdalena was selling her food stamps to neighbors and the children were asking the neighbors for food. On March 10, 2014 a social worker visited the family home and observed the floors covered with trash, the bathroom dirty and the shower stopped up, and the kitchen filthy with dishes in the sink and food from the day before on the stove. The refrigerator contained only taco shells and milk. Magdalena had failed to pay the rent during the previous six months.

The social worker asked Magdalena to drug test, and Magdalena tested positive for amphetamine and methamphetamine. At a Team Decision Making Meeting held on April 15, 2014, Magdalena admitted to using drugs in the past, but denied any current use and was unable to explain her positive test. She added that she was willing to enter a drug treatment facility if it would stop the Department from initiating a dependency case.

---

[1] Statutory references are to this code unless otherwise indicated.

Magdalena acknowledged that she was receiving over $600 a month in food stamps, but could not explain where the money was going.

On April 22, 2014 the children were removed from the family home and placed together in shelter care. At the time of detention the children were dirty and hungry, and the following day they were reported to have head lice.

On April 25, 2014 the Department filed a section 300 petition alleging Magdalena's illicit drug use rendered her incapable of providing regular care for the children and endangered their physical health and safety.

For the detention hearing, Magdalena submitted a form stating she may have Indian ancestry, explaining that the children's maternal grandmother "was [a] registered member of the Mission Band of Indians." At the hearing Magdalena explained that her mother and grandmother were deceased, but she might be able to obtain more information from an aunt. The court ordered the Department to investigate and address its ICWA findings in the report for the jurisdiction hearing. The court ordered the children detained in shelter care and set the matter for adjudication on June 4, 2014.

In its jurisdiction and disposition report, the Department indicated Magdalena had a 15-year history of methamphetamine use and had failed to reunify with three older children who were made court dependents in 2006. The report stated, "The Indian Child Welfare Act does not apply." The Department recommended the juvenile court sustain the petition without reunification services for Magdalena. On June 4, 2014 the court continued the jurisdiction hearing to June 11, 2014. At the commencement of the continued hearing, Magdalena told the court that she had a maternal cousin who might be able to provide information regarding Magdalena's possible Indian ancestry. The court ordered the Department to investigate and continued the hearing to June 19, 2014.

In a Last Minute Information report submitted on June 19, 2014 the Department indicated the social worker had repeatedly attempted to contact the maternal cousin, without success. Based on this information the court found that ICWA was not applicable. The court sustained the petition on Magdalena's plea of no contest and continued the disposition hearing to July 1, 2014.

In a Last Minute Information report submitted on July 1, 2014, the Department advised that two relatives had provided information regarding Magdalena's possible Indian ancestry, including the names of several family members who were registered with an Indian tribe. The Department further reported that it had sent an inquiry to the Bureau of Indian Affairs (BIA). The juvenile court vacated its previous finding that ICWA was not applicable and ordered the Department to investigate further and give ICWA notice to the specific tribes.

Proceeding to disposition, the court ordered the children removed from Magdalena's care, ordered the Department to provide reunification services for Magdalena, and ordered Magdalena to complete a substance abuse program with random or on demand drug testing and a parenting program, and to participate in a domestic violence support group for victims and in individual counseling to address case issues. The court granted Magdalena monitored visitation with the children and set the six-month review hearing for January 6, 2015. (§ 366.21, subd. (e).)

For the six-month review hearing the Department reported that Magdalena was residing in a sober living home and was participating in most of her court-ordered programs. Her visits with the children were generally satisfactory, and the Department had liberalized visitation to four-hour unmonitored day visits with a view to granting Magdalena overnight visitation. The Department recommended the children be returned to Magdalena's custody with family maintenance services. The Department's report stated that ICWA did not apply.

At the six-month review hearing on January 6, 2015, counsel for Magdalena informed the juvenile court that Magdalena's sober living home would not allow the children to reside with her. Counsel requested that reunification services continue to the 12-month date to enable Magdalena to obtain housing. The court ordered continued reunification services, granted Magdalena overnight and weekend visitation with the children, and set the 12-month review hearing for July 7, 2015. (§ 366.21, subd. (f).)

In its report for the 12-month review hearing the Department indicated Magdalena told the social worker on May 8, 2015 that she was employed as a bakery clerk at a

supermarket and was attending her court-ordered programs on her days off. Magdalena continued to reside in the sober living home and was not visiting the children regularly. When the social worker stressed the importance of visitation in the reunification plan, Magdalena stated that she needed to work to earn money to rent an apartment, but she would ask for weekends off so she could resume visiting the children. On June 4, 2015, through the social worker's efforts, Magdalena qualified to receive housing assistance of $900 per month from a homeless assistance program.

The children's caregivers[2] reported that the children were saddened by Magdalena's failure to visit. The Department recommended the court terminate reunification services for Magdalena and set a hearing pursuant to section 366.26. The Department's report stated that ICWA did not apply.

At the 12-month review hearing on July 7, 2015 counsel for the Department requested that the court terminate reunification services for Magdalena. Counsel for Magdalena requested the matter be set for a contest. The court observed Magdalena had not obtained housing and thus the children could not be returned to her. Following a discussion held off the record, the court ordered further reunification services and set the 18-month permanency review hearing for October 27, 2015. (§ 366.22.)

In its report for the 18-month hearing the Department indicated the children's caregivers told the social worker that Magdalena was visiting just once a month, and when the children returned from the visits they were hungry and dirty. The caregivers further reported that Magdalena was rude and dismissive, and gave the impression she did not want to regain custody of the children. But for the lack of visitation, her failure to obtain housing and two missed drug tests, Magdalena was in compliance with her case plan.

The Department further reported that the social worker had tried on multiple occasions to assist Magdalena in obtaining housing, to no avail. The $900 in monthly

---

**2** Jessica was placed with one caregiver and the other three children with another caregiver.

housing assistance became unavailable because Magdalena failed to follow up on time. The Department later approved Magdalena's plan to stay with a friend, but the plan also failed. The Department approved Magdalena's plan to stay with the children in her brother's home, but this plan did not succeed because the brother's landlord did not approve her as a renter. Magdalena also failed to follow up on the social worker's offer to assist her in obtaining housing through the Los Angeles County Department of Public Social Services. The Department recommended the court terminate reunification services and set a hearing pursuant to section 366.26. The Department's report stated that ICWA did not apply.

On October 27, 2015 the juvenile court set the matter for a contest on December 17, 2015. In its report for the hearing the Department indicated Magdalena was still residing in a sober living facility in Long Beach, had not obtained housing, and had told the social worker that she might move to Pomona and perhaps later return to Long Beach to regain custody of the children. On December 7, 2015 Magdalena told the social worker that she had to leave the sober living home that day, and intended to stay in a motel. The Department recommended the court terminate reunification services for Magdalena and set a hearing pursuant to section 366.26. The Department's report made no reference to ICWA.

At the 18-month hearing on December 17, 2015 the request for a contest was withdrawn. The court observed that the only issue in the case was Magdalena's failure to follow through and obtain housing. Upon its finding that return of the children to Magdalena's custody would create a substantial risk of detriment to their well-being, the court terminated reunification services for Magdalena and set the matter for a hearing pursuant to section 366.26.

# DISCUSSION

1. *Substantial Evidence Supports the Juvenile Court's Finding That Return of the Children to Magdalena's Care Would Create a Substantial Risk of Detriment to Their Well-being*[3]

The Legislature has determined that 18 months is generally the maximum time the juvenile court may offer family reunification services. (§§ 361.5, subd. (a)(3), 366.22, subd. (a); *Cynthia D. v. Superior Court* (1993) 5 Cal.4th 242, 249.)[4]

At the 18-month review hearing the juvenile court must order a child returned to a parent's custody unless it finds, by a preponderance of the evidence, that return of the child will create a substantial risk of detriment to the child's safety, protection, or physical or emotional well-being (§ 366.22, subd. (a)). Absent exceptional circumstances, when a child is not returned to a parent at the 18-month review hearing the court must terminate reunification services and order a hearing pursuant to section 366.26. (§ 366.22, subd. (a).)

---

**3** When we review the juvenile court's findings under the substantial evidence standard, we inquire only whether there is any evidence, contradicted or uncontradicted, that supports the court's determination. We resolve all conflicts in support of the determination, indulge in all legitimate inferences to uphold the findings and may not substitute our deductions for those of the juvenile court. (*In re Katrina C.* (1988) 201 Cal.App.3d 540; *In re John V.* (1992) 5 Cal.App.4th 1201, 1212; *In re I.J.* (2013) 56 Cal.4th 766, 773; *Los Angeles County Dept. of Children & Family Services v. Superior Court* (2013) 215 Cal.App.4th 962, 966; *In re R.C.* (2012) 210 Cal.App.4th 930, 940.)

**4** Section 366.22, subdivision (b), authorizes the juvenile court to extend services beyond the 18-month statutory limit in certain specific circumstances, none of which apply in this case. There are also cases in which appellate courts have ruled reunification services may continue beyond the 18-month statutory period, but these cases have involved truly exceptional circumstances, involving some external factor that thwarted the parent's efforts at reunification. (See, e.g., *In re Dino E.* (1992) 6 Cal.App.4th 1768, 1777-1778 [no reunification plan was ever developed by the Department for the father]; *In re Elizabeth R.* (1995) 35 Cal.App.4th 1774 [mother was hospitalized during most of the reunification period, and after her release the Department attempted to restrict visitation]; *In re Daniel G.* (1994) 25 Cal.App.4th 1205, 1209, 1212-1214 [the Department's reunification services for the father were a "disgrace"].)

7

The record in this case contains substantial evidence to support the juvenile court's finding that return of the children to Magdalena would create a substantial risk of detriment to their well-being. In making its determination whether a dependent child should be returned to parental custody at the 18-month review hearing the juvenile court must consider, among other things, "a parent's instability in terms of management of a home." (*Constance K. v. Superior Court* (1998) 61 Cal.App.4th 689, 704-705; see also *In re John V.*, *supra,* 5 Cal.App.4th at p. 1212.) In this case Magdalena could not take custody of the children at the six-month review hearing, as the Department had recommended, because she was living in a sober living home that would not allow the children to reside with her. As of the 12-month review hearing Magdalena remained in the sober living home and, despite the social worker's efforts to assist her, had made no progress toward finding suitable housing. After the court again extended reunification services at the 12-month review hearing, the social worker hearing continued to make efforts to assist Magdalena in obtaining suitable housing, but Magdalena failed to follow up on the efforts to assist her, and instead told the social worker she might move to Pomona and defer further efforts to regain custody of the children. Finally, as of the date of the 18-month review hearing Magdalena had left the sober living home and was homeless.

The record thus demonstrates that, despite the Department's efforts to assist Magdalena and the court's extension of reunification services on two occasions to enable Magdalena to obtain suitable housing, Magdalena failed to do so and instead became homeless by the time of the 18-month review hearing. As a result, Magdalena did not have a place for the children to live with her when the case reached the statutory limit for reunification.

## 2. *A Limited Reversal Is Required to Permit Compliance With ICWA Notice Requirements*

Magdalena contends, and the Department concedes, the Department failed to fulfill its statutory ICWA notice obligations and the juvenile court erred in conducting hearings without verification that the applicable Indian tribes or the BIA received ICWA notice.[5]

Under these circumstances the proper procedure is to grant a limited reversal and remand to permit compliance with the ICWA notice requirements, and upon compliance to enable the juvenile court to reinstate its orders if no Indian tribe wishes to intervene. (See *Tina L. v. Superior Court* (2008) 163 Cal.App.4th 262, 267-268.)

### DISPOSITION

Let a peremptory writ of mandate issue directing the juvenile court to (1) vacate its order of December 17, 2015 terminating reunification services for Magdalena and scheduling a hearing pursuant to section 366.26, and (2) order the Department to comply with the inquiry and notice provisions of section 224 et seq. If, after proper inquiry and notice, no response is received from a tribe indicating the children are Indian children, all previous findings and orders shall be reinstated. If a tribe determines that the children are Indian children, or if other information is presented to the juvenile court that suggests the children are Indian children, the juvenile court is ordered to conduct a new review hearing (and on request to conduct further proceedings as necessary) in conformity with

---

[5] Section 224.2, subdivision (a) provides that when, as here, the Department has reason to know that an Indian child is involved in a dependency proceeding, it must send notice of the proceeding to all tribes of which the child may be a member or eligible for membership. Subdivision (d) of section 224.2 prohibits the juvenile court from holding any hearing except for the detention hearing until at least 10 days after receipt of notice by the parent, Indian custodian, the tribe, or the BIA. During the pendency of this appeal, the Department advised this court that it had commenced the notice process, which has not been completed.

all provisions of ICWA and California law relating to child custody proceedings involving Indian children.



                              ZELON, J.



   We concur:



        PERLUSS, P J.



        SEGAL, J.