Filed 5/10/16  In reJ.J. CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| In re Jaymiere J. et al., Persons Coming Under the Juvenile Court Law. | B266659 <br><br> (Los Angeles County <br> Super. Ct. No. DK10217) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> S.J. et al., <br><br> Defendants and Appellants. | ORDER MODIFYING OPINION AND DENYING REHEARING <br><br> [NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on April 20, 2016, be modified as follows:

On page 5, in the second full paragraph that begins "However, we" delete *Tina L. v. Superior Court* (2008) 163 Cal.App.4th 262, 267 [same];

The petition for rehearing is denied.

_____

EPSTEIN, P.J.                    WILLHITE, J.                    COLLINS, J.

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| In re J.J. et al., Persons Coming Under the Juvenile Court Law. | B266659 |
| | (Los Angeles County Super. Ct. No. DK10217) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | |
| Plaintiff and Respondent, | |
| v. | |
| S.J. et al., | |
| Defendants and Appellants. | |

APPEAL from orders of the Superior Court of Los Angeles County, Steff R. Padilla, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed in part. Remanded in part.

Johanna R. Shargel, under appointment by the Court of Appeal, for Defendant and Appellant S.J.

Linda J. Vogel, under appointment by the Court of Appeal for Defendant and Appellant Lucas D.

Mary C. Wickham, County Counsel, James M. Owens, Assistant County Counsel, and Jacklyn K. Louie, Deputy County Counsel, for Plaintiff and Respondent.

## INTRODUCTION

S.J. (mother) appeals from jurisdictional and dispositional orders made pursuant to Welfare and Institutions Code[1] section 300 removing her four children from her custody. Lucas D. (father), the presumed father of two of the children, appeals from the same orders. Both parents contend the Los Angeles County Department of Children and Family Services (DCFS) failed to comply with the notice requirements of the federal Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.) We agree and therefore remand for the limited purpose of full compliance with ICWA.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *Dependency Proceedings[2]*

On March 30, 2015, DCFS filed a petition under section 300, subdivisions (a), (b), and (j), concerning mother's four children: J.J. (born 2000), Jat. J. (born 2003), L.D. (born 2008), and Lux. D. (born 2012). At the time, the children were living with mother and father.[3] The petition alleged mother and father had a history of violent altercations with each other in the children's presence, father physically abused J.J., and mother failed to protect the children from such abuse, placing the children at risk of harm. DCFS further reported that mother and father were the subjects of multiple prior dependency referrals in other states where they previously resided.

At the adjudication hearing on May 28, 2015, the court sustained the petition pursuant to section 300, subdivisions (b) and (j), and removed the children from father's custody, placing them with mother through a home-of-parent order. The court ordered family maintenance services and monitored visitation for father with his two children.

---

[1]All further statutory references are to the Welfare and Institutions Code unless otherwise stated.

[2]We provide only a limited factual background, given the narrow issue presented on appeal.

[3]The court found father to be the presumed father of L.D. and Lux. D. The alleged fathers of J.J. and Jat. J. are not parties to this appeal.

2

DCFS filed a supplemental petition pursuant to section 387 on July 7, 2015, alleging that an additional domestic violence incident between mother and father occurred on June 12, 2015 in the children's presence, including father repeatedly striking mother's face and head with his fists and mother repeatedly stabbing father. DCFS further alleged that father had been seen at the children's residence on several occasions in violation of court orders, and that mother appeared "unable and unwilling to protect the children" from father's violent conduct. At the detention hearing on the supplemental petition, the court detained the children from mother. The court further ordered DCFS to initiate an Interstate Compact on the Placement of Children (ICPC), to investigate placing the children out of state with their maternal grandmother or, as to L.D. and Lux. D., with their paternal grandmother.

B.    *ICWA Compliance*

On March 30, 2015, mother filed form ICWA-020, Parental Notification of Indian Status, checking the box indicating "[o]ne or more of my parents, grandparents, or other lineal ancestors is or was a member of a federally recognized tribe." She listed the Hopi tribe and also identified "Albert J[.], Sr. Camp Jerod Missouri Blackfeet" and "Ohio - Naomi M[.] MGGM." Father reported no known Indian ancestry.

At the initial detention hearing on March 30, 2015, the court noted "mother states she may have Hopi [and] Blackfeet heritage." The court ordered DCFS to investigate mother's claim of heritage and to file a supplemental report. In its Jurisdiction/Disposition Report, DCFS stated it interviewed mother regarding her ancestry. Mother "reported Hopi and Blackfeet Ancestry on the maternal side of her family, but only provided partial identifying information." Mother stated "she would provide further information at a later date." Subsequently, mother "provided additional, but insufficient, information." The dependency investigator reported that he also called the maternal grandmother for further information, but was "awaiting a response." There is no indication in the record that any ICWA notices were sent.

At the adjudication hearing on May 28, 2015, the court found that "these children are not Indian children under [ICWA]. The department has done investigation. There is

3

only partial information. Mother was supposed to get back and hasn't gotten back to the department." Over mother's objection, the court declined to order notice to any tribe or the Bureau of Indian Affairs pursuant to ICWA, but ordered mother and father to inform DCFS, their counsel, and the court "of any new information relating to possible ICWA status." The record contains no further inquiry or information regarding ICWA.

Mother and father timely appeal the juvenile court's May 28, 2015 orders.

## DISCUSSION

Mother and father contend, and DCFS agrees, that the juvenile court erred in declining to order DCFS to give notice pursuant to ICWA and that the case must be remanded for ICWA compliance. Mother and father further argue that we should reverse the jurisdictional and dispositional orders due to the lack of ICWA compliance. DCFS, on the other hand, urges us to remand for ICWA compliance but to leave the lower court's orders undisturbed. We agree with the parties that the case must be remanded for appropriate ICWA notice and conclude that the juvenile court's jurisdictional and dispositional orders may remain in effect pending the results of that notice.

ICWA "protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for, and permitting tribal participation in, dependency actions." (*In re L.S.* (2014) 230 Cal.App.4th 1183, 1197.) "When a court 'knows or has reason to know that an Indian child is involved' in a juvenile dependency proceeding, a duty arises under ICWA to give the Indian child's tribe notice of the pending proceedings and its right to intervene." (*In re Shane G.* (2008) 166 Cal.App.4th 1532, 1538, quoting 25 U.S.C. § 1912(a).) Once there is "reason to know that an Indian child is involved," the required notices "shall be sent ... unless it is determined that [ICWA] does not apply . . . ." (§ 224.2, subd. (b).)[4] In California, the dependency court and DCFS have "an affirmative and continuing duty to inquire whether a child for whom a petition under Section 300 . . . has been filed is or may be an Indian child in all dependency proceedings. . . ." (§ 224.3, subd. (a); see also *In re L.S., supra*,

---

[4]"In 2007, the California Legislature enacted provisions consistent with the ICWA. (See § 224 et seq.)" (*In re Gabriel G.* (2012) 206 Cal.App.4th 1160, 1165.)

4

230 Cal.App.4th at p. 1197; Cal. Rules of Court, rule 5.481(a).) Ultimately, "[d]etermination of [a child's] tribal membership or eligibility for membership is made exclusively by the tribe." (Cal. Rules of Court, rule 1439(g).)

Here, as DCFS concedes, the juvenile court erred in concluding that ICWA notice was not required because mother's claim of Indian heritage was based on "incomplete" information. "'The determination of a child's Indian status is up to the tribe; therefore, the juvenile court needs only a suggestion of Indian ancestry to trigger the notice requirement.' [Citations.] 'Given the interests protected by the [ICWA], the recommendations of the [federal] guidelines, and the requirements of our court rules, the bar is indeed very low to trigger ICWA notice.' (*In re Antoinette S*. (2002) 104 Cal.App.4th 1401, 1408 [finding father's suggestion that child 'might' be an Indian child because paternal great-grandparents had unspecified Native American ancestry was enough to trigger notice].)" (*In re Gabriel G., supra*, 206 Cal.App.4th at p. 1165.) Accordingly, remand is required to allow compliance with the ICWA notice requirements.

However, we reject mother and father's assertion that we must reverse the juvenile court's jurisdictional and dispositional orders due to the ICWA noncompliance. "'A notice violation under ICWA is not jurisdictional in the fundamental sense.'" (*In re Christian P*. (2012) 208 Cal.App.4th 437, 452.) Nevertheless, there has been some disagreement among our sister courts regarding whether the appropriate remedy includes reversal or merely a limited remand. (See, e.g., *ibid*. [limited remand]; *In re Veronica G*. (2007) 157 Cal.App.4th 179, 188 [same]; *Tina L. v. Superior Court* (2008) 163 Cal.App.4th 262, 267 [same]; but see *In re S.E*. (2013) 217 Cal.App.4th 610, 616 [reversal and remand]; *Nicole K. v. Superior Court* (2007) 146 Cal.App.4th 779 ["[e]ven assuming ICWA errors are not jurisdictional, we conclude the failure to give ICWA notice means that the orders in this case cannot stand"].)

This court generally follows the rule that where, as here, there is a failure to comply with ICWA procedures before disposition, all jurisdictional and dispositional orders remain in effect while there is a limited remand to the juvenile court for DCFS to

5

give ICWA notice.  (See *In re Damian C*. (2009) 178 Cal.App.4th 192, 199–200; *In re Veronica G*., *supra*, 157 Cal.App.4th at pp. 187–188; *In re Brooke C*. (2005) 127 Cal.App.4th 377, 385.)  As such, mother and father's reliance upon *In re S.E., supra*, 217 Cal.App.4th at p. 610, is misplaced, as that case involved the establishment of guardianship as the minor's permanent plan, a course of action that necessarily deprived any concerned Indian tribe of its rights under ICWA.  (*Id*. at p. 617.)  By contrast, this case is in an earlier stage and has not entered any permanent planning.  Accordingly, remand for ICWA compliance is the most appropriate remedy.  (*Id*. at p. 617; see also *Nicole K. v. Superior Court, supra*, 146 Cal.App.4th at p. 785 [reversing order terminating parent's reunification services and setting hearing to consider termination of parental rights].)

## DISPOSITION

We affirm the jurisdictional and dispositional orders of the juvenile court.  The matter is remanded to the court with directions to order DCFS to comply with the inquiry and notice provisions of ICWA.  If, after proper notice, it is determined that any of the children are Indian children and ICWA applies to these proceedings, a party or tribe may petition the juvenile court to invalidate orders that violated ICWA.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


EPSTEIN, P. J.


WILLHITE, J.